# MARCH 4, 1936

CECIL ADAIRE V. THE STATE.

No. 17899.    Delivered February 5, 1936.
Rehearing Denied March 4, 1936.

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of five years.

The record is before us without any bills of exception or any objections to the court's charge.  Hence, the only question presented for review is whether or not the testimony adduced is sufficient to warrant and sustain the judgment of conviction.

The testimony shows that on the morning of the 20th day of October, 1930, the deceased left home going in the direction

of his barn which was situated some three hundred and fifty yards west from his home. From the barn he went to a cane patch, cut some cane which he carried to the barn. Soon thereafter deceased's wife heard two shots in the direction of the barn, which at that time appeared to her to be some distance beyond the barn. Later when the deceased failed to return to the home and not having seen him about the barn for quite a while, she, accompanied by two of her children, went to look for him. When she reached the lot gate, she saw him lying on his back near the barn with two bridles in one hand and his pocket book near the other. About the same time that she and the children reached the lot gate, Bud Hughes, the sheriff, and Jack Leonard, a deputy, drove up in a car and after viewing the body carried it to the home and summoned an ambulance which conveyed the body to an undertaker's establishment. An examination of the body of deceased disclosed that he was shot in the back below the shoulder blade with a shotgun. The wound indicated that the shot was fired at close range.

Appellant admitted shooting the deceased but contended that he did so in self-defense. No weapon of any kind or character was found on or about the body of deceased by any of the persons who first arrived there, which justifies the conclusion that he did not have any. The wound in his back as described by the witnesses would justify the inference that he was shot from ambush and not in self-defense. There is also some testimony in the record which shows that some ill feeling existed between appellant and deceased.

We think that the testimony warranted the jury in concluding that the appellant was guilty of the offense of murder. The court by an admirable charge fully and pertinently instructed the jury on every issue raised by the testimony. It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant now seeks a rehearing upon a complaint which was not even mentioned upon original submission. He now says for the first time in his motion for rehearing that he was deprived of a bill of exception which

complained that the trial judge refused to permit the filing of an amended motion for new trial, leave for the filing of which was not requested until the day before court was to adjourn. He attaches to his motion for rehearing a bill of exception in which is incorporated his amended motion for new trial, which bill bears the approval of the trial judge with his reasons for not permitting the amended motion to be filed. This bill could have been filed in the lower court within the time allowed but seems never to have been so filed. We do not care to enter into any extended discussion of the matter. Whether an amended motion for new trial would be permitted to be filed after the time allowed by law for filing a motion for new trial is within the sound discretion of the trial court, and in the absence of an abuse of such discretion, the ruling will not be disturbed. Tores v. State, 74 Texas Crim. Rep., 37, 166 S. W., 523; Carusales v. State, 47 Texas Crim. Rep., 1, 82 S. W., 1038. The court was well within his discretion in declining to permit the filing of the amended motion for new trial.

Appellant's motion for rehearing is overruled.

*Overruled.*