**In the Matter of R.V., Jr.**

No. 2–98–385–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 2, 1999.

Rehearing Overruled Jan. 20, 2000.

Earl E. Bates, Jr., Ward Casey, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., Charles Mallin, Asst. Crim. Dist. Atty. and Chief of the Appellate Division, Helena Faulkner, Mitch Poe, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

Panel A: CAYCE, C.J.; LIVINGSTON and RICHARDS, JJ.

**OPINION**

TERRIE LIVINGSTON, Justice.

We withdraw our opinion and judgment of November 24, 1999 and substitute the following. The opinion contains no substantive changes affecting the result and is only substituted to correct typographical errors.

A jury convicted appellant of capital murder, and on November 7, 1995 the juvenile court committed him to the Texas Youth Commission for thirty years. On direct appeal, we affirmed the juvenile court's judgment. *See In re R.V., Jr.,* No.

2–96–065–CV (Tex.App.—Fort Worth May 22, 1997, writ denied) (not designated for publication). At appellant's subsequent transfer hearing that concluded on November 11, 1998, appellant was transferred to the Institutional Division of the Texas Department of Criminal Justice for the remainder of his sentence. Appellant then filed another motion for new trial based upon newly "available" or newly "discovered" evidence after the transfer hearing. The trial court denied his motion as untimely. Appellant appeals the trial court's denial of his motion for new trial claiming it was timely because it was filed within one day of the trial court's ruling. He also challenges the trial court's rulings on jury instructions and the State's jury arguments as well as the failure to read the indictment and the denial of his right to plead "not guilty" before the jury. We affirm.

### Standard of Review

■ The decision to grant or deny a motion for new trial is left to the sound discretion of the trial court and in the absence of abuse of discretion an appellate court should not reverse. *See Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App. 1995); *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex.Crim.App.1993). Additionally, motions for new trial based on newly discovered evidence are not favored by the courts and are viewed with great caution. *See Drew v. State,* 743 S.W.2d 207, 225 (Tex.Crim.App.1987).

### Newly Discovered Evidence

■ In issue four appellant challenges the trial court's denial of his motion for new trial asserting that it was a timely filed motion authorized under article 40.001 of the code of criminal procedure. According to article 40.001, a motion for new trial may be filed upon the discovery of new and material evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 40.001 (Vernon Supp.2000). Article 40.001 itself contains no time constraints. But according to rule 21.4(a), a motion for new trial must be filed within thirty days of *imposition of sentence. See* TEX.R.APP. P. 21.4(a). A trial court lacks jurisdiction outside the thirty-day deadline. *See Drew,* 743 S.W.2d at 222–23.

■ Appellant argues that the recent availability of co-defendant Ellex Arevalo's perhaps favorable testimony falls within the definition of newly discovered evidence because it is only now newly available evidence. Arevalo originally refused to testify at appellant's trial, but is now available because Arevalo has since been convicted and has no further right to assert his privilege against self-incrimination.

In his other arguments, appellant assumes rule 21.4(a) applies. He does not, however, address its application to article 40.001, yet he asks us to hold there is no time limit to file a motion under article 40.001. This we decline to do. Because we believe rule 21.4(a) applies to an article 40.001 motion for new trial, whether we classify Arevalo's testimony as newly discovered within article 40.001 is irrelevant because this particular testimony would relate only to his adjudication not his release/transfer hearing. Accordingly, such a motion would have to have been brought within thirty days of sentencing or by a post-conviction writ. Thus, the trial court properly dismissed this aspect of appellant's motion for new trial as untimely. We overrule issue four.

### Motion for New Trial

In issues one through three, appellant contends that the confession and testimony of co-defendant Arevalo is now available and therefore justifies a new trial. Arevalo's confession and testimony, that were admitted at appellant's transfer hearing, are somewhat exculpatory to appellant because they tend to show that the offense (murder) might not have been committed in furtherance of the conspiracy (robbery).

Here, appellant and the State agree that a motion for new trial is governed by rule

21.4(a) of the Texas Rules of Appellate Procedure. TEX.R.APP. P. 21.4(a). Appellant argues that sentence is not imposed until the transfer order committing him to the custody of the Institutional Division of Texas Department of Criminal Justice is signed. The State argues because appellant's sentence was imposed at the original disposition hearing in 1995, it is now too late for him to file a motion for new trial, i.e., there is no right to file a motion for new trial after a transfer hearing once a juvenile turns eighteen. This, the State argues, would leave the trial court with only one alternative: to dismiss any motion for new trial filed after any transfer hearing as being untimely. We do not read rule 21.4 so narrowly.

Under the State's interpretation, nothing that takes place at a juvenile's transfer hearing would ever be subject to review by the trial court by a motion for new trial. The supreme court's decision in *In re M.A.F.* does not require this result. *In re M.A.F.*, 966 S.W.2d 448, 449–50 (Tex.1998). There, the supreme court addressed the applicability of former appellate rule 30(b), now rule 21.3(f), that allowed a new trial if a jury received additional evidence after retiring to deliberate. *See* TEX.R.APP. P. 21.3(f) (formerly TEX.R.APP. P. 30(b)). The family code mandates that juvenile proceedings, that are technically civil, are to be governed generally by the rules of civil procedure but that the rules of evidence and chapter 38 of the code of criminal procedure should also apply. *See* TEX. FAM.CODE ANN. § 51.17(a) (Vernon 1996). The court was faced with determining whether an appellate criminal rule like former rule 30(b), that specified the circumstances that mandate a motion for new trial as a prerequisite for appeal, should apply in a juvenile case. The court held that because former rule 30(b), now 21.3(f), was more in the nature of a rule of evidence relating to a criminal proceeding, it should apply. *See In re M.A.F.*, 966 S.W.2d at 450. It did not hold that former rule 31(a)(1) that contains the thirty-day rule, now 21.4, also controlled a juvenile case such that there is never a right to file a motion for new trial after a release/transfer hearing. *See id.*

■ Thus, while we agree with the State that "sentencing" does not magically reoccur at the release/transfer hearing, we believe that a juvenile has a right to file a motion for new trial requesting only a new release/transfer hearing within thirty days of that hearing. Appellant's motion after his release/transfer hearing should have been limited to the sole issue before the court then: whether appellant was to be released or incarcerated. Therefore, any attempt to attack his original adjudication or disposition is barred due to lack of jurisdiction. *See Drew*, 743 S.W.2d at 224. We overrule issue one to the extent it claims sentence was imposed at the conclusion of the release/transfer hearing and affirm the trial court's dismissal of appellant's motion for new trial on that basis. Because we have determined that sentence is imposed when the original adjudication took place, we also overrule appellant's constitutional challenges to the trial court's denial of his motion for new trial set forth in issues two and three. Because issues five through nine all raise challenges to appellant's original adjudication and because the trial court correctly dismissed as untimely appellant's motion for new trial on these grounds, we overrule issues five through nine.

### Conclusion

Because appellant's motion for new trial was filed after the transfer hearing and solely attacked the initial adjudication determination, the trial court correctly dismissed the motion as untimely filed. We therefore affirm the judgment of the trial court.

CAYCE, C.J. concurs without opinion.