Jeremy Phillip **MERCIER**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–01–088–CR.

Court of Appeals of Texas, Fort Worth.

Nov. 14, 2002.

---

Joetta L. Keene, Arlington, for appellant.

Tim Curry, Crim. D.A., Charles M. Mallin, Asst. Crim. D.A. and Chief of the Appellate Section, Curtis Jenkins, Jay Lapham and Kelly Loftus, Asst. D.A.s, Fort Worth, for appellee.

PANEL B: DAY, DAUPHINOT, and HOLMAN, JJ.

## OPINION

SAM DAY, Justice.

### I. INTRODUCTION

A jury found Appellant Jeremy Phillip Mercier guilty of capital murder. Appellant appeals his conviction raising two points on appeal: 1) the trial court erred by denying Appellant's motion for new trial when he presented newly discovered evidence of someone else confessing to the crime; and 2) the trial court erred by refusing to hear the recantation testimony of one of the State's witnesses in Appellant's motion for new trial. We affirm.

### II. FACTS

Appellant was a daycare aide at the Fun 4 Kids Daycare Center on January 25, 2000. According to his third sworn statement, the daycare was understaffed and he was placed in charge of the two- to five-year-old children. During the afternoon, Appellant was cleaning the room while the children were watching a movie. Meanwhile, Megan Godley, a two-year-old in the care of Appellant, came up behind him and asked to be held. Without looking, Appellant shoved the small child hard enough for her feet to leave the ground. Megan's head hit a table and her skull was fractured. Appellant continued cleaning until he saw that Megan was unconscious on the floor. At this time he called out for help, and EMS was summoned. Megan Godley was rushed to the hospital, but never regained consciousness and was pronounced dead at 8:50 a.m., January 26, 2000.

A jury convicted Appellant of capital murder and he was sentenced to life imprisonment on February 20, 2001. He filed a motion for new trial on March 19, 2001, and amended his original motion for new trial on April 26, 2001. The original motion was heard and denied on April 27, 2001.

### III. NEWLY DISCOVERED EVIDENCE

Appellant asserts under his first point that the trial court abused its discretion by failing to grant his motion for new trial. Appellant's motion for new trial was based on the discovery of newly acquired evidence. Appellant claimed he found a witness that would testify that the mother of Megan Godley admitted pushing the child down some stairs the day before the murder.

The trial court is granted wide latitude in exercising the decision to grant or deny a motion for new trial, and in the absence of an abuse of discretion, an appellate court should not reverse. *Lewis v. State,* 911 S.W.2d 1, 7 (Tex.Crim.App.1995). Further, motions that are based on newly discovered evidence are frowned upon by the courts. We therefore view such motions with great caution. *Drew v. State,* 743 S.W.2d 207, 225 (Tex.Crim.App.1987).

Under the rules of appellate procedure, an appellant has thirty days after the judgment is final to request a new trial. TEX. R. APP. P. 21.4(a) (stating that all motions for new trial must be submitted to the trial court within thirty days of the final judgment). Any amendments to the motion for new trial must also be completed within the same thirty days. *Flores v. State*, 18 S.W.3d 796, 798 (Tex.App.-Austin 2000, no pet.); *Mallet v. State*, 9 S.W.3d 856, 865 (Tex.App.-Fort Worth 2000, no pet.); *In re R.V., Jr.*, 8 S.W.3d 692, 693 (Tex.App.-Fort Worth 1999, pet. denied); *Guevara v. State*, 4 S.W.3d 771, 780 (Tex. App.-San Antonio 1999, no pet.); *Rangel v. State*, 972 S.W.2d 827, 838 (Tex.App.-Corpus Christi 1998, pet. ref'd). The fact that the new trial is based on newly discovered evidence has no impact on the appellate time table. *Mallet*, 9 S.W.3d at 865.

Appellant asserts that *Flores, Mallet, In re R.V., Guevara*, and *Rangel* were erroneously based on a rule of appellate procedure that was substantively changed in 1997. He claims that when the court of criminal appeals recodified the Texas Rules of Appellate Procedure in 1997, the court intended to allow for amendment of motions for new trial with leave of court after the thirty day cutoff. We disagree.

In 1997, the Texas Rules of Appellate Procedure was recodified, and rule 31(a)(2) was changed to rule 21.4(b). In order to construe a rule of appellate procedure, we use statutory construction. *State v. Hardy*, 963 S.W.2d 516, 519 (Tex.Crim. App.1997). Under ordinary statutory construction, we apply the plain meaning of the words contained in the rule unless such would lead to an absurd result. *Id.* Here, the plain meaning of both rules are essentially the same. *Compare* TEX. R. APP. P.31(a)(2), 707 S.W.2d (Tex.Cases) xlix (1986, repealed 1997) ("Before a motion or an amended motion for new trial is over- ruled it may be amended and filed without leave of court within 30 days after date sentence is imposed or suspended in open court."); *with* TEX. R. APP. P. 21.4(b) ("Within 30 days after the date when the trial court imposes or suspends sentence in open court but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file one or more amended motions for new trial."). Both rule 21.4(b) and 31(a)(2) allow for amendment to a motion for new trial within the thirty-day period without leave of court, and neither rule allows for an amendment of a motion after the thirty days have expired. *Id.* Rule 21.4(b) was not intended to be a substantive rule change by the court of criminal appeals.

In this case the newly discovered evidence was first raised in the amended motion for new trial. Appellant's amended motion for new trial was filed more than sixty days after sentence was imposed. The amended motion was filed outside of the allowable period set by the rules and as such failed to vest the court with jurisdiction over the issue. *See R.V., Jr.*, 8 S.W.3d at 693. Since the trial court was without jurisdiction to rule on the amended motion for new trial, there was no error in refusing to grant the motion. We overrule Appellant's first point.

## IV. REFUSAL TO HEAR TESTIMONY

In Appellant's second point, he complains the trial court improperly refused to hear testimony of a State's witness who recanted her testimony in support of his motion for new trial. The witness was a young girl who reportedly lied under oath during the trial because the prosecutor smiled at her. The trial court allowed a post-trial hearing on the motion for new trial. The purpose of the proffered testimony at this hearing was to show that the State improperly withheld

or falsified evidence. The trial court ruled there was no proof of the State withholding evidence and denied the motion.

When "evidence tending to establish the defendant's innocence has been intentionally destroyed or withheld," a new trial may be granted. TEX. R. APP. P. 21.3(e). Appellant made an offer of proof as to what the testimony of the witness would have been, and the offer of proof gives no indication that the state intentionally withheld any evidence. The offer of proof shows that the witness decided to lie because she felt it was what she was supposed to do. She felt this way because the prosecutor smiled at her. The fact that a witness might have altered her testimony because the prosecutor smiled at her does not show that the State intentionally withheld evidence. Therefore, the trial court properly denied the motion for new trial.

### V. CONCLUSION

Having overruled Appellant's points on appeal, we affirm the trial court's judgment.