Byron Lawrence Graves v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-406-CR

NO. 2-02-407-CR

NO. 2-02-408-CR

BYRON LAWRENCE GRAVES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Byron Lawrence Graves of theft, burglary, and aggravated assault.  It assessed his punishment at two years’, twenty-two years’, and twenty-years’ incarceration, respectively, and the trial court sentenced him accordingly.  In three issues, Appellant complains about the trial court’s denial of his motion for mistrial in response to two separate arguments made by the prosecutor in summation and about the jury instruction given in response to a third improper argument made by the prosecutor.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

Background Facts

Appellant Byron Graves stole a gun, snorted cocaine, drove while intoxicated, harassed his estranged wife, burglarized her apartment, kidnapped her and her roommate, assaulted a bystander who tried to intervene, stole a truck, and led police on a chase that ended when the truck blew its engine.  Appellant was tried and convicted on three consolidated charges of aggravated assault with a deadly weapon, theft of a firearm, and burglary of a habitation. 

During closing argument, the prosecutor stated, 

And when you have a long criminal episode like this, you are going to have questions.  You’re going to wonder what happened here or what happened there and all of that, and I’ll be happy to answer that when your service is through.  If you want the answers to those, call us, and we’ll come back, and we’ll talk to you.

Defense counsel objected.  The court did not rule on the objection, but instructed the jury to reach a verdict on the evidence presented and the charge given, if possible.

Later, the prosecutor stated, “Robert Lucas [one of the witnesses] did not lie to you.  I want the Robert Lucases of this world in this world.”  Again defense counsel objected, and the court again instructed the jury to reach a verdict on the evidence and the charge without ruling on the objection.  The prosecutor continued and stated that the police officer who took Justin Reynolds’s report was not allowed to testify that Reynolds told him anything because it would constitute hearsay.  Defense counsel objected again that the argument was outside the record.  The court instructed the prosecutor to stay within the record but did not rule on the objection.

Finally, the prosecutor argued, “[Appellant] made the bed that he has found himself in today with these three cases and the bed that he will have to lie in with later charges and later juries that you can’t consider.”  Defense counsel again objected that the argument was improper.  The trial court sustained the objection and instructed the jury to disregard the argument.  Defense counsel moved for a mistrial, which the court denied.

Jury Argument

As the State correctly points out, a jury argument claim is forfeited on appeal unless the record shows a timely, specific objection, followed by an adverse ruling.
(footnote: 2)  “[A] defendant’s failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal.”
(footnote: 3)  Of the complaints described above, Appellant only preserved his complaint about the statement, “Byron Graves made the bed that he has found himself in today with these three cases and the bed that he will have to lie in with later charges and later juries that you can’t consider.”  No other objections were pursued to an adverse ruling.  Additionally, we note that Appellant argues in his brief that he requested a mistrial after the trial court instructed the jury to disregard the prosecutor’s complained-of statement about the witness Robert Lucas.  Appellant is incorrect.  Because Appellant failed to preserve his second and third issues, we overrule them.

Regarding Appellant’s preserved challenge, the trial court is granted wide latitude in exercising the decision to grant or deny a motion for new trial, and in the absence of an abuse of discretion, an appellate court should not reverse.
(footnote: 4)
The issue before this court is whether the trial court abused its discretion in denying Appellant’s motion for mistrial.

There was evidence before the jury that Appellant had committed offenses for which he was not on trial.  Appellant’s counsel had argued that the State was trying to confuse the jury with “side bar cases,” referring to evidence of extraneous offenses.  In response, the prosecutor reminded the jury that it could not consider the extraneous offenses; they were not the province of that particular jury.  While the trial judge, under the circumstances of this case, would not have reversibly erred had he overruled Appellant’s objection, the conscientious trial judge sustained the objection and granted Appellant’s request for an instruction to disregard.  Any possible misunderstanding the jury might have had about the appropriate use of the evidence of extraneous offenses was cured by the trial court’s instruction.  Mistrial was not required, and the trial court did not err in denying Appellant’s request.  We overrule Appellant’s first issue.  

Conclusion

Having overruled Appellant’s three issues, we affirm the trial court’s judgment.  

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  January 15, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Cockrell v. State
, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), 
cert
. 
denied
, 520 U.S. 1173 (1997); 
Ramirez v. State
, 815 S.W.2d 636, 643 (Tex. Crim. App. 1991).

3:
Cockrell
, 933 S.W.2d at 89.

4:
Lewis v. State
, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); 
Mercier v. State,
 96 S.W.3d 560, 561 (Tex. App.—Fort Worth 2002, pet. stricken).