COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-406-CR
NO. 2-02-407-CR
NO. 2-02-408-CR
 
BYRON LAWRENCE GRAVES                                                  APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM CRIMINAL DISTRICT COURT 
NO. 4 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Byron Lawrence Graves of theft, burglary, and 
aggravated assault. It assessed his punishment at two years’, twenty-two 
years’, and twenty-years’ incarceration, respectively, and the trial court 
sentenced him accordingly. In three issues, Appellant complains about the trial 
court’s denial of his motion for mistrial in response to two separate 
arguments made by the prosecutor in summation and about the jury instruction 
given in response to a third improper argument made by the prosecutor. Because 
we hold that the trial court did not err, we affirm the trial court’s 
judgment.
Background 
Facts
        Appellant 
Byron Graves stole a gun, snorted cocaine, drove while intoxicated, harassed his 
estranged wife, burglarized her apartment, kidnapped her and her roommate, 
assaulted a bystander who tried to intervene, stole a truck, and led police on a 
chase that ended when the truck blew its engine. Appellant was tried and 
convicted on three consolidated charges of aggravated assault with a deadly 
weapon, theft of a firearm, and burglary of a habitation.
        During 
closing argument, the prosecutor stated,
And 
when you have a long criminal episode like this, you are going to have 
questions. You’re going to wonder what happened here or what happened there 
and all of that, and I’ll be happy to answer that when your service is 
through. If you want the answers to those, call us, and we’ll come back, and 
we’ll talk to you.

        Defense 
counsel objected. The court did not rule on the objection, but instructed the 
jury to reach a verdict on the evidence presented and the charge given, if 
possible.
        Later, 
the prosecutor stated, “Robert Lucas [one of the witnesses] did not lie to 
you. I want the Robert Lucases of this world in this world.” Again defense 
counsel objected, and the court again instructed the jury to reach a verdict on 
the evidence and the charge without ruling on the objection. The prosecutor 
continued and stated that the police officer who took Justin Reynolds’s report 
was not allowed to testify that Reynolds told him anything because it would 
constitute hearsay. Defense counsel objected again that the argument was outside 
the record. The court instructed the prosecutor to stay within the record but 
did not rule on the objection.
        Finally, 
the prosecutor argued, “[Appellant] made the bed that he has found himself in 
today with these three cases and the bed that he will have to lie in with later 
charges and later juries that you can’t consider.” Defense counsel again 
objected that the argument was improper. The trial court sustained the objection 
and instructed the jury to disregard the argument. Defense counsel moved for a 
mistrial, which the court denied.
Jury Argument
        As 
the State correctly points out, a jury argument claim is forfeited on appeal 
unless the record shows a timely, specific objection, followed by an adverse 
ruling.[2]  “[A] defendant’s failure to 
pursue to an adverse ruling his objection to a jury argument forfeits his right 
to complain about the argument on appeal.”[3] Of 
the complaints described above, Appellant only preserved his complaint about the 
statement, “Byron Graves made the bed that he has found himself in today with 
these three cases and the bed that he will have to lie in with later charges and 
later juries that you can’t consider.” No other objections were pursued to 
an adverse ruling. Additionally, we note that Appellant argues in his brief that 
he requested a mistrial after the trial court instructed the jury to disregard 
the prosecutor’s complained-of statement about the witness Robert Lucas. 
Appellant is incorrect. Because Appellant failed to preserve his second and 
third issues, we overrule them.
        Regarding 
Appellant’s preserved challenge, the trial court is granted wide latitude in 
exercising the decision to grant or deny a motion for new trial, and in the 
absence of an abuse of discretion, an appellate court should not reverse.[4] The issue before this court is whether the trial 
court abused its discretion in denying Appellant’s motion for mistrial.
        There 
was evidence before the jury that Appellant had committed offenses for which he 
was not on trial. Appellant’s counsel had argued that the State was trying to 
confuse the jury with “side bar cases,” referring to evidence of extraneous 
offenses. In response, the prosecutor reminded the jury that it could not 
consider the extraneous offenses; they were not the province of that particular 
jury. While the trial judge, under the circumstances of this case, would not 
have reversibly erred had he overruled Appellant’s objection, the 
conscientious trial judge sustained the objection and granted Appellant’s 
request for an instruction to disregard. Any possible misunderstanding the jury 
might have had about the appropriate use of the evidence of extraneous offenses 
was cured by the trial court’s instruction. Mistrial was not required, and the 
trial court did not err in denying Appellant’s request. We overrule 
Appellant’s first issue.
Conclusion
        Having 
overruled Appellant’s three issues, we affirm the trial court’s judgment.
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: 
January 15, 2004


NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert. 
denied, 520 U.S. 1173 (1997); Ramirez v. State, 815 S.W.2d 636, 
643 (Tex. Crim. App. 1991).
3. 
Cockrell, 933 S.W.2d at 89.
4. 
Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); Mercier v. 
State, 96 S.W.3d 560, 561 (Tex. App.—Fort Worth 2002, pet. stricken).