NOS. 12-02-00193-CR


 12-02-00194-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


THE STATE OF TEXAS,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


ADAM ROBERTS LEWIS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

OPINION


 Adam Roberts Lewis, appellee, was found guilty by a jury of aggravated assault on a public
servant and deadly conduct. The jury assessed punishment at twenty years of confinement and five
years of confinement, respectively. The trial court granted Lewis's amended motion for new trial
in each case. The State appeals from that order, contending in seven issues that the trial court was
without authority to rule on the amended motion and abused its discretion in granting it. Because
we agree the trial court was without authority to rule on the amended motion, we reverse the trial
court's order and remand these causes to the trial court for further proceedings.


Background

 Lewis was charged by separate indictments with two counts of aggravated assault on a public
servant alleged to have occurred when two constables attempted to serve a mental health warrant. 
The two cases were tried together. After hearing evidence, the jury found Lewis guilty of one count
of aggravated assault on a public servant and the lesser included offense of deadly conduct. The jury
assessed punishment at twenty years of imprisonment for the offense of aggravated assault on a
public servant and five years of imprisonment for the deadly conduct offense. The trial court
pronounced sentence in accordance with the jury's verdict on April 17, 2002. 

 Trial counsel timely filed a motion for new trial on May 16, 2002. He alleged jury
misconduct, insufficiency of the evidence, and unconstitutionality of the applicable statute. It was
supported by counsel's affidavit and a copy of a jury questionnaire filled out by one of the jurors who
heard Lewis's cases. That motion was set for hearing on June 27. On June 24, 2002, Lewis's newly
retained counsel filed a motion to substitute counsel. On June 26, 2002, she filed a motion for leave
of court to file an amended motion for new trial and her amended motion for new trial. The
amended motion urged the three issues raised by trial counsel and three new issues. The amended
motion included discussions regarding the fact that the mental health warrant was never executed,
a competency evaluation had not been performed on Lewis, (1) and trial counsel did not pursue an
insanity defense. The amended motion was supported by a copy of the warrant and copies of trial
counsel's affidavit and the juror's questionnaire. The previously set hearing was held on the
following day. The trial court granted leave to file the amended motion and immediately heard
argument on the amended motion. The trial court granted the amended motion for new trial. The
State exercised its right to appeal the trial court's ruling. See Tex. Code Crim. Proc. Ann. art.
44.01(a)(3) (Vernon Supp. 2004).


Trial Court's Authority

 In its first issue, the State contends the trial court was without authority to rule on the
untimely filed amended motion for new trial. Citing Rule of Appellate Procedure 21.4, the State
argues that the amended motion was untimely because it was not filed within thirty days of the date
of the judgment. The State interprets the rule as not allowing the trial court to consider a late
amendment or a late motion. Because the trial court lacked authority to grant the amended motion
for new trial, the argument continues, the order is null and void. Further, Lewis has not shown good
cause entitling him to file the late amended motion, has not shown his constitutional right to counsel
is in conflict with a procedural rule, and has not shown how he has been harmed.

 Lewis responds that the trial court correctly exercised its inherent authority to allow him to
file the amended motion for new trial and no exception was required. He argues that, since Rule
21.4(b) provides for amending a motion for new trial without leave of court within thirty days after
the date sentence is imposed, the trial court is impliedly authorized to grant leave of court to file an
amendment after the thirty-day time period. Relying on Morales v. State, 587 S.W.2d 418 (Tex.
Crim. App. 1979), Lewis argues that his constitutional right to due process was violated because the
issue of the validity of the mental health warrant and, by extension, the question of whether the
officers had the right to be in his home, was never addressed at trial. He further argues that forcing
him to proceed solely on the original motion for new trial, without being allowed to raise his claim
of ineffective trial counsel, "effectively would violate [his] right to effective representation." 
Because these constitutional issues outweigh the statutory limitation of thirty days to file an
amendment, the argument continues, the statute should be interpreted as allowing for amendment
outside the thirty days with leave of court. Finally, citing Adaire v. State, 130 Tex. Crim. 1, 91
S.W.2d 367 (1936) (op. on reh'g), Lewis asserts that permitting the filing of an amended motion for
new trial after the time for filing the original motion is discretionary with the trial judge. He
contends the State has failed to meet its burden of proving the trial court abused its discretion in
allowing Lewis's amended motion to be filed.


Discussion

 When the State appeals from an order granting a new trial, the proper standard of appellate
review is abuse of discretion. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). The
right to move for a new trial in a criminal case is purely statutory. Drew v. State, 743 S.W.2d 207,
223 (Tex. Crim. App. 1987). The remedy must be pursued in the manner prescribed by statute. Id. 
The time for filing motions for new trials and amended motions for new trial in criminal cases is
presently governed by Texas Rule of Appellate Procedure 21.4. See Tex. R. App. P. 21.4. However,
in order to understand how the present Rule 21.4 is applied, we must review the history of this rule.

 The subject matter of this rule was previously found in Article 40.05 of the Code of Criminal
Procedure. The version in effect at the time Adaire was decided read as follows:


 A new trial must be applied for within two (2) days after conviction; but for good cause shown, the
Court may allow the motion to be made at any time before the adjournment of the term at which the
conviction was had.



Act of 1935, 44th Leg., R.S., ch. 308, § 1, 1935 Tex. Gen. Laws 714 (amended 1951, 1965, 1981,
repealed 1985) (current version at Tex. R. App. P. 21.4). Thus, at the time, the statute supported the
holding in Adaire that whether an amended motion for new trial would be permitted to be filed after
the time allowed by law for filing a motion for new trial is within the sound discretion of the trial
court. Adaire, 91 S.W.2d at 368. 

 The 1965 version of Article 40.05 was similar:


 A motion for new trial shall be filed within ten days after conviction . . . and may be amended by leave
of the court at any time before it is acted on within twenty days after it is filed. . . . but for good cause
shown the time for filing or amending may be extended by the court, but shall not delay the filing of
the record on appeal.



Act of May 27, 1965, 59th Leg., R.S., ch. 722, § 1, 1965 Tex. Gen. Laws 317, 477 (amended 1981,
repealed 1985) (current version at Tex. R. App. P. 21.4). The statute was amended again in 1981. 
The 1981 version expanded the time period for filing a motion, but deleted the phrase "for good
cause shown" and did not provide for amendment after the initial thirty-day time period for filing.


 (a) A motion for new trial, if filed, shall be filed prior to or within 30 days after the date the sentence
is imposed or suspended in open court.

 (b) One or more amended motions for new trial may be filed without leave of court before any
preceding motion for new trial filed by the movant is overruled and within 30 days after the date the
sentence is imposed or suspended in open court.



Act of June 1, 1981, 67th Leg., R.S., ch. 291, § 107, 1981 Tex. Gen. Laws 803, 804 (repealed 1985)
(current version at Tex. R. App. P. 21.4). Thus, by 1981, the statutory method for filing motions for
new trial did not provide for any amendment of the motion after the thirty days, even with leave of
court. The court of criminal appeals has recognized this as an intentional change of the former
statute requiring the filing and all amending of motions for new trial within the thirty days and not
thereafter. Dugard v. State, 688 S.W.2d 524, 530 (Tex. Crim. App. 1985), overruled on other
grounds, Williams v. State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989). The effect of this change
is that the trial judge no longer has the discretion to extend the time limits for filing motions or
amended motions for new trial. Drew, 743 S.W.2d at 223.

 Article 40.05 was repealed, effective September 1, 1986. Act of May 26, 1985, 69th Leg.,
R.S., ch. 685, § 4, 1985 Tex. Gen. Laws 2472, 2473. Also effective September 1, 1986, the court
of criminal appeals and supreme court adopted Texas Rule of Appellate Procedure 31, regarding
motions for new trial. That rule provided in pertinent part:


 Before a motion or an amended motion for new trial is overruled it may be amended and filed without
leave of court within 30 days after date sentence is imposed or suspended in open court.



Tex. R. App. P. 31(a)(2). Pursuant to revisions made to the rules in 1997, the subject matter of
former Rule 31(a)(2) is now found in Rule 21.4(b) which provides:


 Within 30 days after the date when the trial court imposes or suspends sentence in open court but
before the court overrules any preceding motion for new trial, a defendant may, without leave of court,
file one or more amended motions for new trial.



Tex. R. App. P. 21.4(b). 

 These various versions of the rule providing the timetable for filing amended motions for
new trial have been construed uniformly. Former Rule 31 has been interpreted consistently with the
1981 version of Article 40.05. Beathard v. State, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989). 
Rule 21.4(b) has been held to present no substantive changes from former Rule 31(a)(2). Mercier
v. State, 96 S.W.3d 560, 562 (Tex. App.-Fort Worth 2002, no pet.). Some cases involving
application of Rule 21.4(b) apply the law set out in Dugard, which addressed the 1981 version of
former Article 40.05. See Andrews v. State, 106 S.W.3d 402, 406 (Tex. App.-Houston [1st Dist.]
2003, pet. dism'd); Rangel v. State, 972 S.W.2d 827, 838 (Tex. App.-Corpus Christi 1998, pet.
ref'd). Thus, Rule 21.4 does not change prior law and also requires the filing of amended motions
for new trial within the thirty days and not thereafter. Dugard, 688 S.W.2d at 530.

 Further, Lewis's argument that the wording of Rule 21.4 allows an interpretation that the trial
judge may grant leave to amend after the thirty-day period has been considered and rejected by the
Fort Worth Court of Appeals. See Mercier, 96 S.W.3d at 562. We agree with the Fort Worth court. 
The plain meaning of the rules, especially in light of their history, is that the trial court has no
discretion to allow an amendment after the thirty-day period. Accordingly, no amended motion for
new trial may be filed after the thirty-day period, even with leave of court. Drew, 743 S.W.2d at
222-23. 

 We turn now to Lewis's argument that his allegations of constitutional violations override
the procedural requirements of the rule. Lewis relies on Morales in support of his argument. Citing
Whitmore v. State, 570 S.W.2d 889 (Tex. Crim. App. 1977) (op. on reh'g), Morales held that a
statute governing the time for filing motions for new trial cannot be applied so as to deprive an
accused of a right secured by the constitution. Morales, 587 S.W.2d at 421. The court of criminal
appeals discussed this holding and the Whitmore opinion at length in Drew. There, the court pointed
out that Whitmore was decided at a time when the applicable rule allowed out-of-time filings "for
good cause shown." Drew, 743 S.W.2d at 224. Further, the mere mention of constitutional rights
is not sufficient since constitutional rights may be waived like other rights. Id. at 225. But most
important, the claimed deprivation of constitutional rights cannot confer jurisdiction upon a court
where none exists. Id. 

 The statutory provisions for filing motions for new trial and amended motions for new trial
are mandatory and exclusive and must be complied with in all respects. Id. at 223. The court in
exercising its particular authority is a court of limited jurisdiction. Id. When there is no jurisdiction,
the power of the court to act is as absent as if it did not exist. Id. Accordingly, a late amended
motion for new trial fails to vest the trial court with jurisdiction over the issues included in the
amended motion. Beathard, 767 S.W.2d at 433; Drew, 743 S.W.2d at 223; Andrews, 106 S.W.3d
at 406; Licon v. State, 99 S.W.3d 918, 926 (Tex. App-El Paso 2003, no pet.); Mercier, 96 S.W.3d
at 562; Port v. State, 798 S.W.2d 839, 847 (Tex. App.-Austin 1990, pet. ref'd). Because the trial
court had no jurisdiction to hear Lewis's late amended motion for new trial, the trial court abused
its discretion in granting the amended motion. We sustain the State's first issue.


Conclusion

 Lewis's amended motion for new trial was not timely. The rules do not allow untimely
amended motions for new trial. Therefore, the trial court was without jurisdiction to entertain the
amended motion and its ruling is null and void. Because issue one is dispositive, we need not reach
the remaining issues. Tex. R. App. P. 47.1. We reverse the trial court's order granting the amended
motion for new trial and remand these causes to the trial court for further proceedings.


 SAM GRIFFITH 

 Justice



Opinion delivered January 30, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.































(PUBLISH)
1. In his brief, Lewis refers to this issue as a complaint of ineffective assistance of counsel at trial. In her
argument before the trial court, Lewis's new counsel alleged ineffective assistance by trial counsel. However, there
is no reference to ineffective assistance of counsel in the amended motion for new trial.