O'Neal v. SOT
















NUMBER 13-03-00328-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                      

TOMMY O’NEAL,                                                                         Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                      

On appeal from the 94th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Appellant, Tommy O’Neal, was charged in a single indictment with two counts of
aggravated sexual assault of a child,


 one count of burglary with the intent to commit
sexual assault,


 and four counts of aggravated assault.


 Without a plea agreement,
appellant pleaded guilty to all seven counts. On May 15, 2003, the trial court found him
guilty of all seven counts and assessed his punishment as follows:
          Count 1 – 99 years imprisonment (aggravated sexual assault of a child);
          Count 2 – 99 years imprisonment (aggravated sexual assault of a child);
          Count 3 – 99 years imprisonment (burglary of a habitation);
          Count 4 – 15 years imprisonment (aggravated assault);
          Count 5 – 15 years imprisonment (aggravated assault);
          Count 6 – 15 years imprisonment (aggravated assault); and
          Count 7 – 15 years imprisonment (aggravated assault).

The court ordered the sentence in count two to run consecutively with the sentence in
count one; and the sentences in counts three, four, five, six, and seven to run concurrently
with the sentence in count one. The court affirmatively found that appellant had used a
deadly weapon in committing counts four, five, six, and seven. The trial court has certified
that this case “is not a plea-bargain case, and the defendant has the right of appeal.” See
Tex. R. App. P. 25.2(a)(2). In a single issue, appellant contends the trial court erred in
denying his motion for new trial because his plea was involuntary due to ineffective
assistance of counsel. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of our decision and the basic reasons for it. Tex. R. App. P. 47.4. 
 

A. Motion For New Trial
          The State challenges, for the first time on appeal, the timeliness of appellant’s
amended motion for new trial. The State contends we should: (1) consider the hearing on
the motion for new trial as improper and null, and (2) refuse to rely on evidence in support
of the motion. 
          Appellant timely filed a motion for new trial on June 4, 2003, generally raising claims
of involuntariness of his plea and ineffective assistance of counsel. On June 25, 2003,
appellant filed an amended motion for new trial, with attached affidavits asserting specific
allegations regarding his ineffective assistance claim, which was not within the thirty-day
period prescribed by the rules of appellate procedure. See Tex. R. App. P. 21.4(b). An
untimely amended motion for new trial is a nullity and cannot form the basis for issues on
appeal, even if the original motion for new trial is timely. Dugard v. State, 688 S.W.2d 524,
529-30 (Tex. Crim. App. 1985), overruled on other grounds by Williams v. State, 780
S.W.2d 802, 803 (Tex. Crim. App. 1989). An amended motion for new trial may not be
filed after the thirty-day period, even with leave of court. Drew v. State, 743 S.W.2d 207,
222-23 (Tex. Crim. App. 1987); Dugard, 688 S.W.2d at 530; see Mercier v. State, 96
S.W.3d 560, 562 (Tex. App.–Corpus Christi 2002, no pet.). Thus, because appellant’s
amended motion for new trial was untimely filed, we may not consider either the motion or
the affidavits in support of the motion. Accordingly, we consider only the timely filed motion
for new trial.
B. Waiver By Guilty Plea
          A valid plea of guilty or nolo contendere “waives” or forfeits the right to appeal a
claim of error only when the judgment of guilt was rendered independent of, and is not
supported by, the error. Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000); 
Ramirez v. State, 89 S.W.3d 222,228 (Tex. App.–Corpus Christi 2002, no pet.). Before a
plea of guilty or plea of nolo contendere may be accepted by the court, it must be freely
and voluntarily given by a mentally competent defendant. Tex. Code Crim. Proc. Ann. art.
26.13(b) (Vernon Supp. 2004). However, a defendant’s election to plead guilty or nolo
contendere when based upon erroneous advice of counsel is not done voluntarily and
knowingly. Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). When the plea is
not voluntarily given, the waiver rule does not apply. See Broddus v. State, 693 S.W.2d
459, 460 (Tex. Crim. App. 1985). Here, appellant claims he did not enter his plea of guilty
voluntarily because it was based on the erroneous advice of counsel. Thus, he did not
waive his right to appeal.
C. Ineffective Assistance Of Counsel
1. Standard of Review
          A trial court’s denial of a defendant’s motion for new trial is reviewed under an abuse
of discretion standard. Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001). 
During a hearing on a motion for new trial, the trial court is the sole judge of the credibility
of the testifying witnesses. Id. We do not substitute our judgment for that of the trial court,
but rather decide whether the trial court's decision was arbitrary or unreasonable. State
v. Gonzalez, 855 S.W.2d 692, 695 (Tex. Crim. App. 1993). In determining whether the trial
court abused its discretion, we consider whether the court acted without reference to any
guiding rules and principles. Lyles v. State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993).
 

2. Applicable Law 
a. Voluntariness of Plea 
          No plea of guilty or plea of nolo contendere shall be accepted by a trial court unless
it appears that the defendant is mentally competent and the plea is free and voluntary. 
Tex. Code Crim. Proc. Ann. art. 26.13(b) (Vernon Supp. 2004). When we review the
voluntariness of a plea, we examine the record as a whole and determine whether the plea
was entered voluntarily based on the totality of the circumstances. Griffin v. State, 703
S.W.2d 193, 196 (Tex. Crim. App. 1986); see Williams v. State, 522 S.W.2d 483, 485 (Tex.
Crim. App. 1975).
          When the record shows that the trial court gave an admonishment, there is a prima
facie showing of a knowing and voluntary plea of guilty. Ex parte Gibauitch, 688 S.W.2d
868, 871 (Tex. Crim. App. 1985); Dorsey v. State, 55 S.W.3d 227, 235 (Tex. App.–Corpus
Christi 2001, no pet.). The burden then shifts to the defendant to show that he pleaded
guilty without understanding the consequences of his plea and, consequently, suffered
harm. See Tex. Code Crim. Proc. Ann. art. 26.13(c) (Vernon Supp. 2004); Dorsey, 55
S.W.3d at 235. A defendant's election to plead guilty or nolo contendere when based on
erroneous advice of counsel is not done voluntarily and knowingly. Ex parte Battle, 817
S.W.2d at 83. Once a defendant has pleaded guilty and attested to the voluntary nature
of his plea, he bears a heavy burden at a subsequent hearing to demonstrate a lack of
voluntariness. Ybarra v. State, 93 S.W.3d 922, 925 (Tex. App.–Corpus Christi 2002, no
pet.)
 

b. Ineffective Assistance of Counsel 
          The standard for reviewing claims of ineffective assistance of counsel is set forth
in Strickland v. Washington, 466 U.S. 668, 687 (1984). If a guilty plea is entered on the
advice of counsel, that counsel must be competent and render effective assistance. Hill
v. Lockhart, 474 U.S. 52, 57 (1985); Ex parte Evans, 690 S.W.2d 274, 276 (Tex. Crim.
App. 1985); Gomez v. State, 921 S.W.2d 329, 332 (Tex. App.–Corpus Christi 1996, no
pet.). When a defendant challenges the voluntariness of a plea entered on the advice of
counsel, contending that his counsel was ineffective, "the voluntariness of the plea
depends on (1) whether counsel's advice was within the range of competence demanded
of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and would have insisted on going
to trial." Strickland, 466 U.S. at 687; Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim.
App. 1999). 
D. Analysis
          Appellant was admonished in writing. See Tex. Code Crim. Proc. Ann. art. 26.13(d)
(Vernon Supp. 2004). The written admonitions are signed by appellant and appellant’s
attorney and state that appellant understood the admonitions and was aware of the
consequences of his plea. See id. The record reflects appellant was admonished that the
range of punishment for the first-degree felony offenses charged in the first, second, and
third counts of the indictment was: “imprisonment for Life or for any term of not more than
99 years or less than five years, and, in addition to imprisonment, . . .a fine not to exceed
$10,000." Appellant specifically initialed the following statement: “I understand the
admonishments given to me in writing by the Court, I know the range of punishment
applicable in this cause, and I am aware of the consequences of my entering a plea of
guilty/nolo contendere.” The written admonishments provide prima facie proof that
appellant pleaded guilty knowingly and voluntarily. See Ex parte Gibauitch, 688 S.W.2d
at 871. Further, appellant stated in open court that he understood what he had signed. 
          Thus, appellant bears a heavy burden to show that his plea of guilty was involuntary
because he did not understand the consequences of his plea. See Dorsey, 55 S.W.3d at
235; Ybarra, 93 S.W.3d at 925. At the hearing on the motion for new trial, appellant
testified that he did not understand the range of punishment the trial court could assess
if he pleaded guilty, and he did not remember his counsel explaining the range of
punishment to him. He further testified that his mother had relayed information from his
trial counsel that if he pleaded guilty, he would likely receive at the most five years or sex
offender treatment, and that but for this advice, he would have pleaded not guilty and gone
to trial. 
          Appellant’s trial counsel disagreed with appellant’s testimony. Counsel testified he
advised appellant, on several occasions, regarding the range of applicable punishment and
that the punishment would be imprisonment from five to ninety-nine years. He said he did
everything he could to help appellant understand the consequences of pleading guilty,
including meeting with appellant’s family to discuss the case and using them to explain the
legal concepts to appellant, as well as explaining the terms in the admonishments, rather
than reading them verbatim. Counsel also testified he made no promises to appellant
regarding the specific punishment appellant could expect and that a range of punishment
of imprisonment from five to nine years does not exist under Texas law. 
          There is some evidence in the record that but for the advice of appellant’s mother,
appellant would not have pleaded guilty. However, appellant’s mother was not his trial
counsel. Based on the record as a whole, we conclude appellant has not met his burden
of showing that his plea of guilty was involuntary. Not only was trial counsel’s advice within
the range of expected competence, but there is not a reasonable probability that, but for
the advice of counsel, appellant would have pleaded not guilty and demanded a trial. 
Accordingly, we hold the trial court did not abuse its discretion in denying appellant’s
motion for new trial. Appellant’s sole issue is overruled.
          The judgment of the trial court is affirmed. 
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
12th day of August, 2004.