# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
## NO. 02-11-00510-CR


MICHAEL JEROME HAYES                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Michael Jerome Hayes was convicted by a jury of possession of one or more but less than four grams of cocaine and was sentenced to thirty-two years' confinement. This court affirmed Appellant's conviction on October 19, 2006. *See Hayes v. State*, No. 02-05-00431-CR, 2006 WL 2986660 (Tex. App.—Fort Worth Oct. 19, 2006, pet. ref'd) (mem. op., not designated for publication). On May 18, 2011, Appellant filed in the trial court a pro se "Motion

---

[1]*See* Tex. R. App. P. 47.4.

For Reconsideration For A New Trial." The trial court denied the motion by written order the same day. In October 2011, Appellant filed a notice of appeal in this court in which he clearly attempts to appeal the order denying his motion for new trial.

No Texas statute authorizes a direct appeal from the denial of a motion for new trial independently of the direct appeal from an underlying conviction. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006) ("A defendant in any criminal action has the right of appeal *under the rules hereinafter prescribed* . . . .") (emphasis added); *see also id.* art. 11.07 (West Supp. 2011). We generally have jurisdiction to consider an appeal by a criminal defendant only from a judgment of conviction. *See McKown v. State*, 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).

Concerned that we may not have jurisdiction over his appeal of the denial of his motion for new trial, we sent Appellant a letter on November 15, 2011, notifying him that the appeal may be dismissed unless, on or before November 28, 2011, he or any party filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. Appellant requested and received an extension of time to respond and filed a response to our letter on December 7, 2011. The response does not, however, show grounds for continuing the appeal. *See* Tex. R. App. P. 21.4(a); *In re R.V., Jr.*, 8 S.W.3d 692, 693–94 (Tex. App.—Fort Worth 1999, pet. denied).

We hold that we lack jurisdiction over Appellant's appeal of the denial of his motion for new trial. Accordingly, we dismiss his appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 29, 2011