02-11-510-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00510-CR

 

 


 
 
 Michael Jerome Hayes
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 3 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

Appellant
Michael Jerome Hayes was convicted by a jury of possession of one or more but
less than four grams of cocaine and was sentenced to thirty-two years’
confinement.  This court affirmed Appellant’s conviction on October 19, 2006.  See
Hayes v. State, No. 02-05-00431-CR, 2006 WL 2986660 (Tex. App.—Fort Worth
Oct. 19, 2006, pet. ref’d) (mem. op., not designated for publication).  On May
18, 2011, Appellant filed in the trial court a pro se “Motion For Reconsideration
For A New Trial.”  The trial court denied the motion by written order the same
day.  In October 2011, Appellant filed a notice of appeal in this court in
which he clearly attempts to appeal the order denying his motion for new trial.

No
Texas statute authorizes a direct appeal from the denial of a motion for new
trial independently of the direct appeal from an underlying conviction.  See
Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006) (“A defendant in any
criminal action has the right of appeal under the rules hereinafter
prescribed . . . .”) (emphasis added); see also id. art. 11.07 (West
Supp. 2011).  We generally have jurisdiction to consider an appeal by a
criminal defendant only from a judgment of conviction.  See McKown v. State,
915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.).

Concerned
that we may not have jurisdiction over his appeal of the denial of his motion
for new trial, we sent Appellant a letter on November 15, 2011, notifying him that
the appeal may be dismissed unless, on or before November 28, 2011, he or any
party filed a response showing grounds for continuing the appeal.  See
Tex. R. App. P. 44.3.  Appellant requested and received an extension of time to
respond and filed a response to our letter on December 7, 2011.  The response
does not, however, show grounds for continuing the appeal.  See Tex. R. App.
P. 21.4(a); In re R.V., Jr., 8 S.W.3d 692, 693–94 (Tex. App.—Fort Worth
1999, pet. denied).

We
hold that we lack jurisdiction over Appellant’s appeal of the denial of his
motion for new trial.  Accordingly, we dismiss his appeal for lack of
jurisdiction.  See Tex. R. App. P. 43.2(f).

 

PER CURIAM

 

PANEL: 
GARDNER,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: December 29, 2011









[1]See Tex. R. App. P. 47.4.