**Lonnie Ray ANDREWS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–02–00244–CR to 01–02–00247–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 15, 2003.

Richard W. Wilkinson Jr., Houston, for Appellant.

Charles A. Rosenthal, Jr., District Attorney-Harris County, Bridget Holloway, Asst. District Attorney-Harris County, Houston, for Appellee.

Panel consists of Chief Justice RADACK and Justices NUCHIA and HANKS.

## OPINION

SAM NUCHIA, Justice.

Lonnie Ray Andrews, appellant, was charged with three counts of sexual assault of a child and one count of indecency with a child. Appellant entered pleas of not guilty to all offenses. After a jury found appellant guilty of all four charges, it assessed his punishment at 20 years confinement and a $10,000 fine on each sexual assault charge and 18 years confinement and a $5000 fine on the indecency charge. Appellant now raises the following five issues on appeal: (1) the trial court erred in failing to charge the jury on the law pertaining to sentences for offenses arising out of the same criminal episode, (2) the prosecutor misled the jury during closing argument at punishment, (3) the trial court erred in denying his motion for new trial on the grounds that the invocation of article 36.03 of the Texas Code of Criminal Procedure was violated by some of the witnesses and on the grounds that he was denied effective assistance of counsel, (4) appellant was denied effective assistance of counsel, and (5) appellant was denied effective assistance of counsel in that counsel failed to object to the jury charge and the prosecutor's jury argument.

### Discussion

*Jury Charge Error*

In his first point of error, appellant claims that the trial court erred in failing to charge the jury on the law pertaining to sentences on offenses arising out of the same criminal episode. Specifically, appellant claims that the charge of the court set out in article 36.14 of the Code of Criminal Procedure should have included an instruction setting out section 3.03 of the Texas

Penal Code.[1] *See* TEX. PEN.CODE ANN. 3.03 (Vernon 2003). Texas Penal Code section 3.03 pertains to the disposition of sentences for offenses arising out of the same criminal episode. *See id.*

■ The Texas Court of Criminal Appeals has held that a trial court does not abuse its discretion by including a section—3.03 instruction in the jury charge. *Haliburton v. State*, 578 S.W.2d 726, 729 (Tex.Crim.App.1979). However, that holding does not support the conclusion that failure to give such an instruction sua sponte is error.[2] We hold that it is not error not to give such an instruction sua sponte. We overrule appellant's first point of error.

### Improper Jury Argument

■ In his second point of error, appellant claims that the prosecutor's improper jury argument misled the jury. Appellant contends that the prosecutor informed the jury that appellant's sentences would run concurrently, knowing that a motion to cumulate had been filed. Appellant did not object to the prosecutor's jury argument. A defendant's failure to object to allegedly improper jury argument waives any complaint on appeal. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). We overrule appellant's second point of error.

### Denial of Motion for New Trial

■ In his third point of error, appellant claims that the trial court erred in denying his motion for new trial because there was a violation of article 36.03 of the Code of Criminal Procedure[3] and because he was denied effective assistance of counsel.

Appellant was sentenced on February 1, 2002. On February 7, 2002, appellant filed a timely motion for new trial alleging that there was newly discovered evidence of violations of article 36.03. On April 15, 2002, appellant filed an amended motion for new trial alleging ineffective assistance of counsel. On April 16, 2002, the trial court held a hearing on appellant's motion and amended motion for new trial and denied both.

■ Appellant's amended motion for new trial claiming ineffective assistance of

1. Although appellant complains of an omission in the jury charge, he neither requested the inclusion of an instruction setting out Texas Penal Code section 3.03 nor objected to its omission. The record shows that appellant was asked whether he had any objection to the charge, and appellant responded, "We have none."

2. In fact, in *Gordon v. State*, the Texas Court of Criminal Appeals commented that section 3.03 mandates that "sentence for each offense ... shall be pronounced." *Gordon v. State*, 633 S.W.2d 872, 879 n. 16 (Tex.Crim.App. 1982). Only judges pronounce sentences. *Id.* Moreover, the duration of confinement following a jury's assessment of punishment is not a legitimate concern of a jury. *See id.* at 879.

3. Article 36.03 provides:
   (a) Notwithstanding Rule 614, Texas Rules of Evidence, a court at the request of a party may order the exclusion of a witness who for the purposes of the prosecution is a victim, close relative of a deceased victim, or guardian of a victim only if the witness is to testify and the court determines that the testimony of the witness would be materially affected if the witness hears other testimony at the trial.
   
   \* \* \* \*
   
   (e) At the commencement of a trial, the court shall admonish each witness who is to testify as to those persons whom the court determines the witness may talk to about the case before the trial ends and those persons whom the witness may not talk to about the case. The court may punish as [sic] contempt a witness who violates the admonishment provided by the court. TEX. CODE CRIM. PROC. ANN. art. 36.03 (Vernon Supp.2003).

counsel was filed 73 days after the sentence was imposed. A timely amended motion for new trial must be filed before any preceding motion is overruled and within 30 days after the date the sentence is imposed or suspended in open court. TEX.R.APP. P. 21.4(b). The trial court has no discretion to grant leave for an amendment after the 30 days have elapsed. *Dugard v. State*, 688 S.W.2d 524, 530 (Tex. Crim.App.1985), *overruled on other grounds by Williams v. State*, 780 S.W.2d 802 (Tex.Crim.App.1989); *see also Groh v. State*, 725 S.W.2d 282, 285 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd). Moreover, a trial court has no jurisdiction to consider an untimely amended motion for new trial, and a hearing on any such amended motion is a nullity. *See Drew v. State*, 743 S.W.2d 207, 223 (Tex.Crim.App. 1987). The trial court was without jurisdiction to rule on appellant's amended motion. Appellant's challenge to the denial of his motion for new trial on the ground of ineffective assistance of counsel is moot.

■ Appellant also claims that the trial court erred in denying his original motion for new trial on the ground of newly discovered evidence. Appellant claims that several of the State's witnesses were observed exchanging notes and discussing each other's testimony in violation of article 36.03. *See* TEX.CODE CRIM. PROC. ANN. art. 36.03 (Vernon Supp.2003).

■ The trial court has discretion to decide whether to grant a new trial based upon newly discovered evidence, and its ruling will not be reversed absent an abuse of discretion. *Keeter v. State*, 74 S.W.3d 31, 37 (Tex.Crim.App.2002). A new trial shall be granted when material evidence favorable to the accused has been discovered since trial. *Id.* at 36. The evidence must satisfy a four-part test: (1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and, (4) the new evidence is probably true and will probably bring about a different result in another trial. *Id.*

In support of appellant's motion for new trial on the ground of newly discovered evidence of violations of article 36.03, appellant included the affidavits of several witnesses. However, appellant did not provide evidence to satisfy the four-part test. Specifically, appellant did not prove that the newly discovered evidence was unknown or unavailable to him at the time of trial. In fact, the affidavit of one of the witnesses, Dolores Delasbour, stated that she had notified appellant's counsel of the incidents and that she believed that counsel had informed the judge because the judge had removed a spectator from the courtroom.

Appellant also failed to provide any evidence to prove that his failure to discover or to obtain the evidence was not due to a lack of diligence. Neither did appellant prove that the new evidence was probably true or explain how it would bring about a different result in another trial.

We hold that the trial court did not err in denying appellant's motion for new trial claiming that the "invocation of the rule" had been violated.

We overrule appellant's third point of error.

### Ineffective Assistance of Counsel

■ In his fourth and fifth points of error, appellant claims that he was denied effective assistance of counsel. Specifically, appellant claims that his trial counsel did not prepare him for trial, did not fully investigate and subpoena all witnesses, and did not effectively cross-examine all

witnesses. Appellant also claims that his trial counsel was ineffective for not objecting to the omission of an instruction setting out Texas Penal Code section 3.03 in the jury charge or to the prosecutor's jury argument.

■ The standard of review for evaluating claims of ineffective assistance of counsel is set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). *See Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim. App.1999); *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986); *Gamble v. State*, 916 S.W.2d 92, 93 (Tex.App.-Houston [1st Dist.] 1996, no pet.). Appellant must show that (1) counsel's performance was so deficient that he was not functioning as acceptable counsel under the sixth amendment and (2) but for the counsel's error, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Thompson*, 9 S.W.3d at 812; *Gamble*, 916 S.W.2d at 93.

■ It is the defendant's burden to prove ineffective assistance of counsel. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064; *Gamble*, 916 S.W.2d at 93. The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Thompson*, 9 S.W.3d at 813; *Gamble*, 916 S.W.2d at 93.

■ We have already determined that appellant's amended motion for new trial, in which he asserted ineffective assistance of counsel, was untimely. Evidence in support of an untimely motion for new trial will not be considered on appeal. *See Heckathorne v. State*, 697 S.W.2d 8, 10 (Tex.App.-Houston [14th Dist.] 1985, pet. ref'd). Therefore, the record is silent as to how appellant's trial counsel prepared for trial and why he did not subpoena all witnesses suggested by appellant or call all the subpoenaed witnesses to testify. The record is also silent as to why counsel did not object to the jury charge or the prosecutor's closing argument. To find that trial counsel was ineffective based on the asserted grounds would call for speculation, which we will not do. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex.Crim.App. 1994); *Gamble*, 916 S.W.2d at 93.

We overrule appellant's fourth and fifth points of error.

### Conclusion

We affirm the trial court's judgment.