IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-993-03, PD-994-03, PD-995-03, & PD-996-03






LONNIE RAY ANDREWS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Price, J., delivered the opinion of the Court, in which Meyers, Johnson,
Keasler, Holcomb, and Cochran, JJ., joined. Hervey, J., concurs in the
judgment. Womack, J., dissents. Keller, P.J., filed a dissenting opinion.


O P I N I O N 




 In this case, during closing arguments, the prosecutor made a misstatement of the
law that was detrimental to the appellant. The appellant's counsel failed to object to this
misstatement of law. In a published case, the Court of Appeals overruled the appellant's
point of error because there was no evidence of trial counsel's motive for failing to object
to the prosecutor's misstatement. Because we conclude that, under the unusual
circumstances of this case, there could be no legitimate trial strategy in failing to object to
the prosecutor's misstatement, we reverse the judgment of the Court of Appeals. 

I. Facts


 The appellant was charged with three counts of sexual assault (1) and one count of
indecency with a child. (2) On the day that voir dire began, the State filed a written motion
to cumulate the sentences under Penal Code Section 3.03. (3) The State hand delivered a
copy of the motion to defense counsel. At the close of the guilt phase of the trial, the jury
found the appellant guilty of all four counts. Defense counsel did not request, and the
charge during the punishment phase of the trial did not contain, an instruction explaining
that the trial court may, in its discretion, stack the appellant's sentences under Penal Code
Section 3.03. 

 Six days after filing the motion to cumulate sentences the same prosecutor who
had filed the motion argued at the end of the punishment phase that the sentences could
not be cumulated:

 So you have to come up with an amount. You've got four charges. They
don't add up, by the way. You give him 20 years in each case, it's still just
20 years. It's still not 80. You can give different amounts if you want. 
You can give 20, 10, 10, five, it's still just 20. And you can forget about the
fine. We're talking about keeping him off the streets, keeping him away
from other people, for other victims, for the future and for what he did here.

This argument left the jury with the incorrect impression that the appellant's sentences
could not be stacked and that the appellant would serve no more than twenty years in
prison for all four counts. Defense counsel failed to object to this incorrect argument. 
The jury assessed punishment at 20 years' imprisonment and a fine of $10,000 for each of
the three sexual assault counts and 18 years' imprisonment and a $5000 fine for the
indecency count. In the presence of defense counsel, the trial court granted the State's
motion to cumulate the sentences and imposed a combined prison sentence of 78 years.

 On direct appeal, the appellant complained that his trial counsel was ineffective for
failing to object to the prosecutor's misstatement of the law. (4) The Court of Appeals
affirmed the appellant's conviction, holding that it would not find counsel's performance
deficient without a record that indicated counsel's reasons for failing to object. (5)

 The appellant filed a petition for discretionary review, (6) which we granted,
complaining that the Court of Appeals erred by rejecting his claim of ineffective
assistance of counsel. (7) 

II. The Law


 In Strickland v. Washington, (8) the Supreme Court articulated a two-prong test to be
used when analyzing a claim of ineffective assistance of counsel. To have his conviction
reversed on the grounds of ineffective assistance of counsel, an appellant must show that
(1) counsel's representation fell below an objective standard of reasonableness and (2) the
deficient performance prejudiced the appellant. (9) Unless the appellant makes both
showings, it cannot be said that his conviction is rendered unreliable by a breakdown in
the adversarial process. (10) In Hernandez v. State, (11) we adopted the Strickland two-prong
test for criminal cases in Texas.

 Our review of counsel's performance must be highly deferential. (12) There is a
strong presumption that counsel's conduct falls within a wide range of reasonable
professional assistance, and the defendant must overcome the presumption. (13) We
determine the reasonableness of counsel's challenged conduct in context, and view it as
of the time of counsel's conduct. (14)

 We have said that we commonly assume a strategic motive if any can be imagined
and find counsel's performance deficient only if the conduct was so outrageous that no
competent attorney would have engaged in it. (15) The policy behind this course is that
"[i]ntensive scrutiny of counsel and rigid requirements for acceptable assistance could
dampen the ardor and impair the independence of defense counsel, discourage the
acceptance of assigned cases, and undermine the trust between attorney and client." (16) 
This standard balances the protection of these important policy interests with the
protection of each defendant's fundamental Sixth Amendment rights. 

 As a result, we have said that the record on direct appeal is in almost all cases
inadequate to show that counsel's conduct fell below an objectively reasonable standard
of performance and that the better course is to pursue the claim in habeas proceedings. (17) 
But, when no reasonable trial strategy could justify the trial counsel's conduct, counsel's
performance falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects the trial counsel's subjective reasons
for acting as she did. (18)

 To satisfy the second prong of the Strickland test, we do not require that the
appellant show that there would have been a different result if counsel's performance had
not been deficient. (19) The defendant must show only that "there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the proceeding would have been
different. A reasonable probability is a probability sufficient to undermine confidence in
the outcome." (20)

III. Deficient Performance


 The Supreme Court in Strickland said that our review of counsel's performance
must be highly deferential. (21) But, in the statement immediately preceding that one, the
Supreme Court said that, "In making [its] determination, the [reviewing] court should
keep in mind that counsel's function, as elaborated in prevailing professional norms, is to
make the adversarial testing process work in the particular case." (22) Counsel failed to do
so in this case when he failed to object to the prosecutor's misstatement of the law, even
though counsel had received a copy of the State's motion to cumulate sentences on the
day that voir dire began. Defense counsel has a duty to correct misstatements of law that
are detrimental to his client. This duty derives from counsel's function "to make the
adversarial testing process work in the particular case." (23) There can be no reasonable trial
strategy in failing to correct a misstatement of law that is detrimental to the client. 

 The State argues that, because the record is silent about counsel's reasons for
failing to object, we should not conclude that counsel's performance was deficient. It
says that counsel should be given an opportunity to explain his reasons and claims that
this case is no different than Freeman v. State, (24) in which we held that, absent an
explanation of trial counsel's reasons for failing to file a motion to recuse the trial judge,
we could not presume that counsel's performance was deficient.

 In Freeman, we repeated what we have said in many cases: Generally, post-conviction writ proceedings are a better forum for pursuing relief on an ineffective
assistance of counsel claim. The United States Supreme Court said the same thing in
Massaro v. United States. (25) 

 Neither this Court, nor the Supreme Court, has said that a claim of ineffective
assistance will never be successful on appeal. Although the Supreme Court noted that
there are few cases that may be resolved by way of appeal, it has stopped short of saying
that no such claims may ever be resolved on direct appeal. (26) 

 Our conclusion regarding the first prong of the Strickland test is not a departure
from our holding that generally a claim of ineffective assistance of counsel may not be
addressed on direct appeal because the record on appeal usually is not sufficient to
conclude that counsel's performance was deficient. We ordinarily need to hear from
counsel whether there was a legitimate trial strategy for a certain act or omission. 
Frequently, we can conceive potential reasonable trial strategies that counsel could have
been pursuing. When that is the case, we simply cannot conclude that counsel has
performed deficiently.

 That is not the situation that we are dealing with in this case. Under the extremely
unusual circumstances of this case, the record contains all the information that we need to
make a decision. Trial counsel failed to object to the prosecutor's misstatement of the
law regarding whether the appellant's sentences could be stacked, even though he knew
that the State had filed a motion to cumulate the sentences. There can be no reasonable
trial strategy in failing to correct this false impression that was harmful to the appellant.

IV. Prejudice


 The record also supports the conclusion that the second prong of the Strickland
test has been satisfied. The State's argument left the jury with the false impression that
the maximum sentence that the appellant would serve was twenty years when the
maximum sentence was really eighty years. In fact, the appellant was sentenced to a total
of 78 years. The jury had incorrect information from which to assess the appropriate
sentence for the appellant. The prosecutor told the jury that, after assessing a twenty-year
sentence on the first count, it would not matter what sentence the jury assessed for the
remaining three counts. 

 Had defense counsel objected on the basis that the prosecutor's argument was a
misstatement of the law, the trial court could have corrected the misstatement and told the
jury not to consider whether the court could or would cumulate the sentences. Because
the jury received incorrect information about the appellant's punishment, the record
supports the conclusion that there is a reasonable probability that the result would have
been different.

V. Conclusion


 This is a rare case. This is a case in which the appellant has raised a claim of
ineffective assistance of counsel on direct appeal and the record is sufficient for us to
make a decision on the merits. Because we conclude that the record is sufficient to
conclude that counsel's performance was deficient and that the appellant was prejudiced
by counsel's failure to object to the prosecutor's misstatement of law, we reverse the
judgment of the Court of Appeals and remand for a new punishment hearing.


Delivered: March 23, 2005.

Publish.
1. Tex. Pen. Code § 22.011.
2. Tex. Pen. Code § 21.11.
3. Penal Code Section 3.03 provides, in relevant part, that, if the accused is found guilty of
more than one offense arising out of the same criminal episode, 


 the sentences may run concurrently or consecutively if each sentence is for a
conviction of an offense under Section 21.11, 22.011, 22.021, 25.02, or 43.25
committed against a victim younger than 17 years of age at the time of the
commission of the offense regardless of whether the accused is convicted of
violations of the same section more than once or is convicted of violations of
more than one section.
4. The appellant raised two other claims of ineffective assistance of counsel that were not
mentioned in his petition.
5. Andrews v. State, 106 S.W.3d 402 (Tex. App.--Houston [1st Dist.] 2003).
6. On November 19, 2003, the appellant's first petition was struck for exceeding the page
limit found in Texas Rule of Appellate Procedure 68.5. According to the Rule 68.5, we allowed
the appellant to redraft his petition. This opinion refers to the redrafted petition. 
7. The appellant raised other grounds, of which we did not grant review. The appellant
mentions several of his ineffective assistance of counsel claims in his petitions. He includes
argument regarding only one: whether the Court of Appeals erred in concluding that counsel was
not ineffective for failing to object to the prosecutor's misstatement of the law. The appellant did
not, but should have, raised all of his ineffective assistance of counsel claims in his petition for
discretionary review.
8. 466 U.S. 668, 694 (1984).
9. Id., at 687.
10. Ibid.
11. 726 S.W.2d 53 (Tex. Crim. App. 1986).
12. Strickland, 466 U.S. at 690.
13. Ibid.
14. Ibid. 
15. Bone v. State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting Garcia v.
State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).
16. Strickland, 466 U.S. at 690.
17. Bone, 77 S.W.3d at 833; Thompson, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
18. Strickland,466 U.S. at 690.
19. Id., at 694 ("The result of a proceeding can be rendered unreliable, and hence the
proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the
evidence to have determined the outcome.").
20. Ibid.
21. Id., at 690.
22. Ibid.
23. Ibid.
24. Freeman v. State, 125 S.W.3d 505, 506-07 (Tex. Crim. App. 2003).
25. Massaro v. United States, 538 U.S. 500, 505-06 (2003).
26. Id., at 507.