# NOS. 12-09-00297-CR
# 12-09-00298-CR
# 12-09-00299-CR
# 12-09-00300-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *NYAREAREE LEWIS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*

Nyarearee Lewis appeals one conviction of possession of a controlled substance with intent to deliver, for which he was sentenced to imprisonment for forty years, one conviction for possession of cocaine, for which he was sentenced to imprisonment for two years, one conviction for possession of marijuana, for which he was sentenced to imprisonment for eighteen months, and one conviction of unlawful possession of a firearm by a felon, for which he was sentenced to imprisonment for ten years. Appellant raises five issues on appeal.   We affirm.

## BACKGROUND

Appellant was charged by separate indictments with one count of possession of with intent to deliver between four and four hundred grams of N-benzylpiperazine and 1-(3-trifluoromethylphenyl) piperazine, one count of possession of less than one gram of cocaine,

one count of possession of between four ounces and five pounds of marijuana, and one count of unlawful possession of a firearm by a felon. Appellant pleaded "guilty" as charged to each offense. The matters proceeded to a trial on punishment, after which the trial court sentenced Appellant to imprisonment for forty years for possession with intent to deliver N-benzylpiperazine and 1-(3-trifluoromethylphenyl) piperazine, two years for possession of cocaine, eighteen months for possession of marijuana, and ten years for unlawful possession of a firearm by a felon. This appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his first and second issues, Appellant argues that his forty year sentence amounts to cruel and unusual punishment in violation of the United States and Texas constitutions. In his third and fourth issues, Appellant argues that his ten year sentence amounts to cruel and unusual punishment in violation of the United States and Texas constitutions. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, waived these issues on appeal. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); TEX R. APP. P. 33.1. However, even absent waiver, we conclude that the sentences of which Appellant complains did not constitute cruel and unusual punishment.

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. In the case at hand, Appellant was convicted of possession with intent to deliver N-benzylpiperazine and 1-(3-trifluoromethylphenyl) piperazine. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.103(a)(1), 481.113(a) (Vernon 2010). The punishment range for such an offense is between five and ninety-nine years or life. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.116(d); TEX. PENAL CODE ANN. §§ 12.32(a) (Vernon Supp. 2009). Appellant was further convicted of

2

unlawful possession of a firearm by a felon. *See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Vernon Supp. 2009). The punishment range for such an offense is between two and ten years. *See* TEX. PENAL CODE ANN. §§ 12.34(a), 46.04(e) (Vernon Supp. 2009). In each instance, the sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishments are not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant urges the court to perform the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L.Ed.2d 637 (1983). Under this test, the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Solem*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g.*, *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).

We must first determine whether Appellant's sentences are grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estell*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who had received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions–one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 266, 100 S. Ct. at 1134-35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 285, 100 S. Ct. at 1145.

In the case at hand, the offenses committed by Appellant–possession of a controlled

substance with intent to deliver and unlawful possession of a firearm by a felon–were each more serious than any of the offenses committed by the appellant in **Rummel**, while Appellant's forty and ten year sentences are far less severe than the life sentence upheld by the Supreme Court in **Rummel**. Thus, it follows that if the sentence in **Rummel** was not unconstitutionally disproportionate, then neither are the sentences assessed against Appellant in the case at hand. Therefore, since we do not find the threshold test to be satisfied, we need not apply the remaining elements of the **Solem** test. Appellant's first, second, third, and fourth issues are overruled.

## IMPROPER PROSECUTORIAL ARGUMENT

In his fifth issue, Appellant argues that the trial court improperly considered argument adduced by the prosecuting attorney. Specifically, Appellant contends that the prosecuting attorney made the following improper statement during his closing argument to the court:

> [T]he people of Smith County and the State of Texas suffer from [the defendant's bad] choices. And the only way to see that we don't suffer anymore is to see that we never see him on the streets again. And I know the Court can't order that because parole and the like exists…. He has nothing redeemable.

The State initially argues that Appellant failed to preserve error by objecting to the allegedly improper statement. Appellant concedes that he did not object to the aforementioned statement at trial, but argues that the prosecuting attorney's statement amounts to fundamental error. The failure to object to impermissible jury argument waives any error. *See **Cockrell v. State***, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that defendant's failure to object to jury argument forfeits his right to complain on appeal); ***Andrews v. State***, 106 S.W.3d 402, 405 (Tex. App.–Houston [1st Dist.] 2003, pet. dism'd) (holding that defendant's failure to object to allegedly improper jury argument waives complaint on appeal); ***Jones v. State***, 900 S.W.2d 392, 397 (Tex. App.–San Antonio 1995, pet. ref'd) (holding that since the appellant did not object, ask for instruction, or request mistrial, nothing preserved for review). Impermissible jury argument is not fundamental error.[1] *See **Cockrell***, 933 S.W.2d at 89. We hold that Appellant failed to

---

[1] In two recent opinions, the court of criminal appeals has specifically stated that the fundamental error exception to a defendant's failure to object to improper prosecutorial argument as set forth in ***Willis v. State***, 785

preserve error, if any, by not objecting to the prosecuting attorney's argument.

Yet even had Appellant objected to the supposed improper argument, the outcome would not differ. Proper argument consists of (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. *Morales v. State*, 11 S.W.3d 460, 463 (Tex. App.–El Paso 2000, pet. ref'd). To determine if the prosecuting attorney made an improper argument, the reviewing court must consider the entire argument in context, not merely isolated sentences. *See Rodriguez v. State*, 90 S.W.3d 340, 364 (Tex. App.–El Paso 2001, pet. ref'd). Prosecutorial argument that constitutes a demand for punishment because of the citizens' desires is improper because it asks the fact finder to lend an ear to the community rather than a voice. *See Prado v. State*, 626 S.W.2d 775, 776 (Tex. Crim. App. 1982). The distinction that must be drawn is whether the prosecuting attorney's argument asked the fact finder to be the voice of the community or, instead, asked the jury to lend its ear to the community. *See Cortez v. State*, 683 S.W.2d 419, 421 (Tex. Crim. App. 1984).

Here, Appellant contends that the prosecuting attorney's argument pressured the fact finder with community demands. We disagree. When viewing the argument in its entirety, it is apparent that the prosecuting attorney is pleading that justice be done to prevent further suffering to the citizens of Smith County, Texas. The prosecutor was not stating that the community wants, desires, requires, or expects the fact finder to return the strongest penalty. *See Rivera v. State*, 82 S.W.3d 64, 69 (Tex. App.–San Antonio 2002, pet. ref'd) (prosecutor does not necessarily make improper appeal to community's desires just by referring to the community during argument). Thus, we hold that the prosecuting attorney, by his argument, did not improperly ask the fact finder to lend an ear to the community rather than a voice.

Appellant's fifth issue is overruled.

### DISPOSITION

Having overruled Appellant's first, second, third, fourth, and fifth issues, we *affirm* the trial court's judgment.

---

S.W.2d 378, 385 (Tex. Crim. App. 1989) was overruled by the court's holding in *Cockrell*. However, these opinions, which were issued in 2009 and 2010 respectively, are unpublished. As a result, we cannot cite them as authority. *See* TEX. R. APP. P. 77.3.

**BRIAN HOYLE**
Justice

Opinion delivered July 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)