NOS.
12-09-00297-CR

     
12-09-00298-CR

     
12-09-00299-CR

     
12-09-00300-CR

      

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

NYAREAREE LEWIS,                                      '           APPEAL FROM THE 114TH

APPELLANT

 

V.                                            
'         JUDICIAL DISTRICT COURT
OF

 

THE STATE OF TEXAS,

APPELLEE                                  
'        SMITH COUNTY, TEXAS

                                                        
                                            

                                                      MEMORANDUM
OPINION

     Nyarearee
Lewis appeals one conviction of possession of a controlled substance with
intent to deliver, for which he was sentenced to imprisonment for forty years,
one conviction for possession of cocaine, for which he was sentenced to
imprisonment for two years, one conviction for possession of marijuana, for
which he was sentenced to imprisonment for eighteen months, and one conviction
of unlawful possession of a firearm by a felon, for which he was sentenced to
imprisonment for ten years. Appellant raises five issues on appeal.  We affirm.

 

Background

            Appellant
was charged by separate indictments with one count of possession of with intent
to deliver between four and four hundred grams of N-benzylpiperazine and
1-(3-trifluoromethylphenyl) piperazine, one count of possession of less than
one gram of cocaine, one count of possession of between four ounces and five
pounds of marijuana, and one count of unlawful possession of a firearm by a
felon.  Appellant pleaded “guilty” as charged to each offense.  The matters
proceeded to a trial on punishment, after which the trial court sentenced
Appellant to imprisonment for forty years for possession with intent to deliver
N-benzylpiperazine and 1-(3-trifluoromethylphenyl) piperazine, two years for
possession of cocaine, eighteen months for possession of marijuana, and ten
years for unlawful possession of a firearm by a felon.  This appeal followed.

 

Cruel
and Unusual Punishment

In
his first and second issues, Appellant argues that his forty year sentence
amounts to cruel and unusual punishment in violation of the United States and
Texas constitutions.  In his third and fourth issues, Appellant argues that his
ten year sentence amounts to cruel and unusual punishment in violation of the
United States and Texas constitutions.  However, Appellant made no timely
objection to the trial court raising the issue of cruel and unusual punishment
and has, therefore, waived these issues on appeal.  See Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under
the Texas Constitution); Curry v. State, 910 S.W.2d 490, 497
(Tex. Crim. App. 1995) (waiver with regard to rights under the United States
Constitution); Tex R. App. P.
33.1.  However, even absent waiver, we conclude that the sentences of which
Appellant complains did not constitute cruel and unusual punishment.

The
legislature is vested with the power to define crimes and prescribe penalties. 
See Davis v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana
1995, pet. ref=d); see also Simmons
v. State, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref=d).  Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive,
cruel, or unusual.  See Harris v. State, 656 S.W.2d 481, 486
(Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664.  In the case at
hand, Appellant was convicted of possession with intent to deliver
N-benzylpiperazine and 1-(3-trifluoromethylphenyl) piperazine.  See Tex. Health & Safety Code Ann. §§
481.103(a)(1), 481.113(a) (Vernon 2010).  The punishment range for such an
offense is between five and ninety-nine years or life.  See Tex. Health & Safety Code Ann.
§ 481.116(d); Tex. Penal Code Ann.
§§ 12.32(a) (Vernon Supp. 2009).  Appellant was further convicted of unlawful
possession of a firearm by a felon.  See Tex. Penal Code Ann. § 46.04(a)(1) (Vernon Supp. 2009).  The
punishment range for such an offense is between two and ten years.  See Tex. Penal Code Ann. §§ 12.34(a),
46.04(e) (Vernon Supp. 2009).  In each instance, the sentence imposed by the
trial court falls within the range set forth by the legislature.  Therefore,
the punishments are not prohibited as cruel, unusual, or excessive per se.

Nonetheless,
Appellant urges the court to perform the three part test originally set forth
in Solem v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L.Ed.2d 637
(1983). Under this test, the proportionality of a sentence is evaluated by
considering (1) the gravity of the offense and the harshness of the penalty,
(2) the sentences imposed on other criminals in the same jurisdiction, and (3)
the sentences imposed for commission of the same crime in other jurisdictions. 
Solem, 463 U.S. at 292, 103 S. Ct. at 3011.  The application of
the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals in light of the Supreme Court=s decision in Harmelin v. Michigan,
501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold
determination that the sentence is grossly disproportionate to the crime before
addressing the remaining elements.  See, e.g., McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849, 113 S. Ct.
146, 121 L. Ed. d 98 (1992); see also Jackson v. State,
989 S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).

We
must first determine whether Appellant=s sentences are grossly
disproportionate.  In so doing, we are guided by the holding in Rummel v.
Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).  In Rummel,
the Supreme Court addressed the proportionality claim of an appellant who had
received a mandatory life sentence under a prior version of the Texas habitual
offender statute for a conviction of obtaining $120.75 by false pretenses.  Id.,
445 U.S. at 266, 100 S. Ct. at 1135.  A life sentence was imposed because the
appellant also had two prior felony convictions–one for fraudulent use of a
credit card to obtain $80.00 worth of goods or services and the other for
passing a forged check in the amount of $28.36.  Id., 445 U.S. at
266, 100 S. Ct. at 1134-35.  After recognizing the legislative prerogative to
classify offenses as felonies and, further, considering the purpose of the
habitual offender statute, the court determined that the appellant=s mandatory life sentence did not constitute cruel
and unusual punishment.  Id., 445 U.S. at 285, 100 S. Ct. at
1145.

In
the case at hand, the offenses committed by Appellant–possession of a
controlled substance with intent to deliver and unlawful possession of a
firearm by a felon–were each more serious than any of the offenses committed by
the appellant in Rummel, while Appellant=s forty and ten year sentences are far less severe
than the life sentence upheld by the Supreme Court in Rummel. 
Thus, it follows that if the sentence in Rummel was not unconstitutionally
disproportionate, then neither are the sentences assessed against Appellant in
the case at hand.  Therefore, since we do not find the threshold test to be
satisfied, we need not apply the remaining elements of the Solem
test.  Appellant’s first, second, third, and fourth issues are overruled.

 

Improper
Prosecutorial Argument

            In
his fifth issue, Appellant argues that the trial court improperly considered
argument adduced by the prosecuting attorney.  Specifically, Appellant contends
that the prosecuting attorney made the following improper statement during his
closing argument to the court: 

 

[T]he
people of Smith County and the State of Texas suffer from [the defendant’s bad]
choices.  And the only way to see that we don’t suffer anymore is to see that
we never see him on the streets again.  And I know the Court can’t order that
because parole and the like exists….  He has nothing redeemable.

 

 

The
State initially argues that Appellant failed to preserve error by objecting to
the allegedly improper statement.  Appellant concedes that he did not object to
the aforementioned statement at trial, but argues that the prosecuting
attorney’s statement amounts to fundamental error.  The failure to object to
impermissible jury argument waives any error.  See Cockrell v. State,
933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding that defendant’s failure to
object to jury argument forfeits his right to complain on appeal); Andrews
v. State, 106 S.W.3d 402, 405 (Tex. App.–Houston [1st Dist.] 2003, pet.
dism’d) (holding that defendant's failure to object to allegedly improper jury
argument waives complaint on appeal); Jones v. State, 900 S.W.2d
392, 397 (Tex. App.–San Antonio 1995, pet. ref’d) (holding that since the
appellant did not object, ask for instruction, or request mistrial, nothing
preserved for review).  Impermissible jury argument is not fundamental error.[1]  See Cockrell, 933
S.W.2d at 89.  We hold that Appellant failed to preserve error, if any, by not
objecting to the prosecuting attorney’s argument. 

Yet
even had Appellant objected to the supposed improper argument, the outcome
would not differ. Proper argument consists of (1) summation of the evidence;
(2) reasonable deductions from the evidence; (3) answer to argument of opposing
counsel; and (4) a plea for law enforcement.  Morales v. State,
11 S.W.3d 460, 463 (Tex. App.–El Paso 2000, pet. ref’d). To determine if the
prosecuting attorney made an improper argument, the reviewing court must
consider the entire argument in context, not merely isolated sentences.  See
Rodriguez v. State, 90 S.W.3d 340, 364 (Tex. App.–El Paso 2001, pet.
ref’d).  Prosecutorial argument that constitutes a demand for punishment
because of the citizens’ desires is improper because it asks the fact finder to
lend an ear to the community rather than a voice.  See Prado v. State,
626 S.W.2d 775, 776 (Tex. Crim. App. 1982).  The distinction that must be drawn
is whether the prosecuting attorney’s argument asked the fact finder to be the
voice of the community or, instead, asked the jury to lend its ear to the
community.  See Cortez v. State, 683 S.W.2d 419, 421 (Tex.
Crim. App. 1984).

Here,
Appellant contends that the prosecuting attorney’s argument pressured the fact
finder with community demands.  We disagree.  When viewing the argument in its
entirety, it is apparent that the prosecuting attorney is pleading that justice
be done to prevent further suffering to the citizens of Smith County, Texas. 
The prosecutor was not stating that the community wants, desires, requires, or
expects the fact finder to return the strongest penalty.  See Rivera
v. State, 82 S.W.3d 64, 69 (Tex. App.–San Antonio 2002, pet. ref’d)
(prosecutor does not necessarily make improper appeal to community’s desires
just by referring to the community during argument).  Thus, we hold that the
prosecuting attorney, by his argument, did not improperly ask the fact finder
to lend an ear to the community rather than a voice.  

Appellant’s
fifth issue is overruled.

 

Disposition

            Having
overruled Appellant’s first, second, third, fourth, and fifth issues, we affirm
the trial court’s judgment.

                                                                                                Brian Hoyle

                                                                                                   
Justice

 

Opinion delivered July 30, 2010.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
In two recent opinions, the court of criminal appeals has specifically stated
that the fundamental error exception to a defendant’s failure to object to
improper prosecutorial argument as set forth in Willis v. State,
785 S.W.2d 378, 385 (Tex. Crim. App. 1989) was overruled by the court’s holding
in Cockrell.  However, these opinions, which were issued in 2009
and 2010 respectively, are unpublished.  As a result, we cannot cite them as
authority.  See Tex. R. App.
P. 77.3.