

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00275-CR

**RICHARD DON MOORE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2007-1190-C2

## MEMORANDUM OPINION

In five issues, which can be categorized as two, appellant, Richard Don Moore,

challenges the trial court's decision to revoke his community supervision. We affirm.

### I.    BACKGROUND

In July 2007, appellant was indicted for unlawful possession of

methamphetamine in an amount greater than one gram but less than four grams, a

third-degree felony. *See* TEX. HEALTH & SAFETY ANN. § 481.115(a), (c) (West 2010). As

part of a plea bargain with the State, appellant pleaded guilty to the charged offense

and waived his right to appeal. The trial court accepted appellant's guilty plea, sentenced him to five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with a $1,000 fine, suspended the imposed sentence, placed appellant on community supervision for five years, and assessed court costs at $437 and restitution at $1,199.15.

Thereafter, on August 4, 2008, the trial court amended the conditions of appellant's community supervision to waive community-supervision fees of $55 from February 2008 to July 2008, because appellant had already paid for and completed drug school. In any event, because appellant violated the conditions of his community supervision by committing the offense of criminal trespassing, among other things, the trial court amended the conditions of appellant's community supervision once again on November 29, 2010. At this time, the trial court ordered appellant to: (1) pay all costs and fees incurred since the date of sentencing to the McLennan County District Clerk at a rate of $15 per month; and (2) serve thirty days in the McLennan County jail.

Subsequently, on March 8, 2012, the State filed a motion to revoke appellant's community supervision, alleging eleven violations. Included in the State's motion were allegations that:

1. On or about November 13, 2008[, appellant] consumed methamphetamine.

2. On or about November 14, 2008[, appellant] consumed methamphetamine.

3. Failed to participate in all aspects of the Substance Abuse Caseload until discharge[d] by CSO or court.

4. On or about October 7, 2010[, appellant] committed [the] subsequent offense of Criminal Trespassing in McLennan County, Texas.

5. On or about February 18, 2012[, appellant] committed [the] subsequent offense of Criminal Trespassing in McLennan County, Texas.

6. On or about February 18, 2012[, appellant] committed [the] subsequent offense of Terroristic Threat Family Violence in McLennan County, Texas.

The remaining allegations pertained to the financial obligations of appellant's community supervision.

On June 28, 2012, the trial court conducted a hearing on the State's motion to revoke. At the hearing, the State abandoned allegations 5 and 6, which pertained to the incidents transpiring on or about February 18, 2012. Furthermore, appellant pleaded "true" to the remaining allegations contained in the State's motion to revoke and agreed to waive his right to appeal. The trial court accepted appellant's plea of "true," adjudicated appellant guilty of the underlying unlawful-possession offense, and sentenced appellant to five years' incarceration with a $1,000 fine. The trial court also imposed $402 in court costs—which also contained a line item for reimbursement of court-appointed attorney's fees—and assessed restitution at $1,199.15, less the amount paid of $1,125.

On July 27, 2012, this Court received a number of pro se filings from appellant, including a "Petition for Appeal" and several letters indicating that he is indigent. The trial court appointed appellate counsel for appellant; however, because the trial court's certification indicated that appellant did not have the right of appeal, counsel filed a motion to withdraw.

Appellant's counsel also filed an alternative motion requesting that this matter be abated and remanded to the trial court for reconsideration of appellant's waiver of his right of appeal, especially in light of the concurring and dissenting opinion issued in *Adcock v. State*, No. 10-12-00291-CR, 2012 Tex. App. LEXIS 10582, at \*\*6-14 (Tex. App.—Waco Dec. 20, 2012, no pet.) (mem. op., not designated for publication) (Gray, C.J., concurring and dissenting). In response, on February 7, 2013, this Court granted appellant's request to abate this appeal and subsequently remanded the matter to the trial court for reconsideration of appellant's waiver of his right of appeal.

On February 15, 2013, the trial court conducted a hearing on our abatement order. At this hearing, appellant asserted that he signed the waiver of his right of appeal only because he was pressured to do so by previous trial counsel. Appellant emphasized that he wanted to appeal the trial court's judgment revoking his community supervision. At the conclusion of the hearing, the trial court entered a judgment nunc pro tunc modifying the judgment revoking appellant's community supervision to delete court-appointed attorney's fees as court costs against appellant. The trial court also corrected appellant's back-time credit. However, believing it was not directed to do so, the trial court did not make any other rulings in the case.

On May 2, 2013, this Court once again abated and remanded this matter to the trial court to "hold any necessary hearings and to rule on any request by Moore to withdraw his waiver of appeal or to grant him permission to appeal." Approximately a week later, the trial court, without a hearing, entered findings stating that appellant did not knowingly, intelligently, and voluntarily waive his right of appeal and that

appellant should be allowed to withdraw his waiver of appeal. As a result, the trial court signed an amended certification of appellant's right of appeal indicating that appellant did, indeed, have the right of appeal in this matter. However, the trial court did not make any finding regarding appellant's plea of "true" to the allegations contained in the State's motion to revoke. This appeal followed.

## II.  DUE PROCESS AND DUE COURSE OF LAW

In his first issue, appellant contends that the trial court violated his right to due process and due course of law by basing the revocation of his community supervision on violations that had been previously considered. Specifically, appellant argues that the first four allegations contained in the State's motion to revoke had already been considered when the trial court chose to modify, rather than revoke, appellant's community supervision. The State counters that appellant did not preserve this issue for review.

### A.  Error Preservation

Generally, to preserve error for appellate review, a complaining party must make a timely and specific objection in the trial court and obtain a ruling. *See* TEX. R. APP. P. 33.1(a)(1); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Preservation is required for due-process complaints. *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("Indeed, our prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly preserved."). The preservation rule "ensures that trial courts are provided an opportunity to correct their own mistakes at

the most convenient and appropriate time—when the mistakes are alleged to have been made." *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002).

"[C]omplaints concerning procedural due process are not preserved for appeal if the appellant did not make a due process objection at the time of revocation." *Gipson v. State*, 395 S.W.3d 910, 916 (Tex. App.—Beaumont 2013, pet. granted) (citing TEX. R. APP. P. 33.1(a); *Rogers v. State*, 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (second op. on reh'g)). More specifically, Texas courts have held that complaints about the revocation of community supervision are preserved by objection during the revocation hearing or by motion for new trial. *Harris v. State*, 160 S.W.3d 621, 626 (Tex. App.—Waco 2005, pet. dism'd) (citing *Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Issa v. State*, 826 S.W.2d 159, 161 (Tex. Crim. App. 1992) (per curiam); *Liggett v. State*, 998 S.W.2d 733, 736 (Tex. App.—Beaumont 1999, no pet.)); *see Baxter v. State*, 936 S.W.2d 469, 471-72 (Tex. App.—Fort Worth 1996), *pet. dism'd as improvidently granted*, 960 S.W.2d 82 (Tex. Crim. App. 1998) (per curiam).

**B.    Discussion**

Texas Rule of Appellate Procedure 21.4(a) provides that a "defendant may file a motion for new trial before, but no later than 30 days after, the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a). Texas courts have held that the provisions governing the filing of original and amended motions for new trial are mandatory, exclusive, and must be complied with in all respects. *State v. Lewis*, 151 S.W.3d 213, 219 (Tex. App.—Tyler 2004, pet. ref'd) (citing *Drew v. State*, 743 S.W.2d

207, 223 (Tex. Crim. App. 1987)).  Moreover, the court, in exercising its particular authority, is a court of limited jurisdiction.  *Id.* (citing *Drew*, 743 S.W.2d at 223).  "When there is no jurisdiction, the power of the court to act is as absent as if it did not exist." *Id.* (citing *Drew*, 743 S.W.2d at 223).  Accordingly, a late motion for new trial fails to vest the trial court with jurisdiction over the issues included in the motion.  *Id.* (citing *Beathard v. State*, 767 S.W.2d 423, 433 (Tex. Crim. App. 1989); *Drew*, 743 S.W.2d at 223; *Andrews v. State*, 106 S.W.3d 402, 406 (Tex. App.—Houston [1st Dist.] 2003, pet. dism'd); *Licon v. State*, 99 S.W.3d 918, 926 (Tex. App.—El Paso 2003, no pet.); *Mercier v. State*, 96 S.W.3d 560, 562 (Tex. App.—Fort Worth 2002, no pet.); *Port v. State*, 798 S.W.2d 839, 847 (Tex. App.—Austin 1990, pet. ref'd)).

Here, it is undisputed that appellant neither made a due-process objection nor filed a motion for new trial in the trial court raising a due-process complaint.  In fact, appellant first raises his due-process complaint on appeal.[1]  *See Dixon v. State*, 2 S.W.3d

---

[1] We do note that appellant made the following statement during the February 15, 2013 hearing on remand:

> I do believe, Your Honor—and I could be mistaken—I do believe Mr. Moore's probation was amended several times.  It's certainly possible that could have been in response to his earlier violations.  Unless the—and I have no idea what the record shows.  Unless that actually was done in court, I'm not sure legally that he can make an argument that those violations have already been punished and can't be the basis for a revocation.  However, if the record does indicate some . . . .
>
> Well, I can tell—I'm pretty sure have had this come up a time or two before that if the Court actually does have a hearing and reinstates the individual after those violations, they can't be the basis later on.  Again, I don't know what happened in this case.  Because once I saw the—the signed waiver, I didn't do a whole lot after that other than just kind of come talk to you and just kind of see what happened.

However, nowhere in the record did appellant specifically raise a due-process challenge to the revocation of his community supervision.  Furthermore, the record does not reflect that appellant obtained a ruling

263, 273 (Tex. Crim. App. 1999) (holding that points of error on appeal must correspond or comport with objections and arguments made at trial); *see also Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd). Nevertheless, appellant contends that he should be excused from error preservation because the filing of a motion for new trial "would be an act of futility" given that the trial court lacked jurisdiction to grant a motion for new trial.

In making this contention, appellant does not cite relevant authority standing for the proposition that he was excused from filing a motion for new trial because the time period for filing had run, which, in turn, prevented the trial court from granting such a motion. The record reflects that appellant pleaded "true" to the allegations contained in the State's motion to revoke and that appellant failed to file a motion for new trial to the initial suspension of his five-year sentence or to the imposition of the five-year sentence on June 28, 2012. As noted above, the filing deadline for motions for new trial is mandatory and exclusive, and appellant has not directed us to authority providing for an exception or excuse to these deadlines. Furthermore, it is noteworthy that appellant filed a pro se notice of appeal on July 25, 2012, which was done within thirty days of the trial court's revocation of his community supervision, yet he did not file a motion for new trial preserving his due-process complaint.

In any event, appellant cites an unpublished opinion from the Amarillo Court of Appeals for the proposition that error is not forfeited in a revocation proceeding when

from the trial court on any specific due-process complaint. *See* TEX. R. APP. P. 33.1(a); *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).

the trial court lacks the power to grant a motion for new trial. *See generally Ortega v. State*, Nos. 07-99-0228-CR, 07-99-0233-CR, 2001 Tex. App. LEXIS 3962 (Tex. App.—Amarillo June 14, 2001, pet. ref'd) (mem. op., not designated for publication). For reasons stated below, we do not find the *Ortega* case to be persuasive in this matter.

In *Ortega*, the defendant pleaded guilty to reckless injury to a child and aggravated assault in two different cases. *Id.* at *1. The trial court accepted the defendant's guilty pleas and placed him on community supervision in both cases. *Id.* Thereafter, the State filed a motion to revoke the defendant's community supervision in each case on January 29, 1999. *Id.* at *2. On February 19, 1999, the revocation motions were called for a hearing. *Id.* The defendant entered a plea of "not true." *Id.* The State abandoned all of the allegations in each motion, except for one in each. *Id.* After hearing one witness, the hearing was recessed so that authorities could locate the defendant. *Id.* On March 25, 1999, the hearing reconvened, and at this time, the State filed amended motions to revoke. *Id.* at **2-3. "There was no mention of the amended revocation motions at the time the hearing was reconvened." *Id.* at *3. Nevertheless, at the conclusion of the evidence, the trial court revoked the defendant's community supervision and made findings that the allegations contained in the State's amended motions to revoke were true. *Id.* On appeal, the defendant argued that the trial court's judgments could not have been based upon the State's amended motions to revoke because they were not properly before the trial court. *Id.* at *7 (citing Act of June 15, 2001, 77th Leg., R.S., ch. 969, §§ 8-9, 2001 Tex. Gen. Laws 2129-30 (amended 2013)

(current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2013)).[2]

The State responded that appellant waived any error pertaining to the amended

motions to revoke by failing to object at trial. *Id.* at **8-9. In declining to find waiver,

the Amarillo Court of Appeals noted that:

> [T]here is nothing the trial court or the State could have done to correct the error other than to dismiss the motion. As we noted above, once the amended motions were filed, the trial court could not disregard the amended motions and proceed on the original ones.
>
> Moreover, waiver is the intentional relinquishment or abandonment of a known right or privilege. Without a showing in the record that the amended motion was filed prior to the March 25, 1999 hearing and that appellant's attorney was aware of the amended motions, we cannot find waiver.

*Id.* at *9.

While it is true that former article 42.12, section 21(b) of the Texas Code of

Criminal Procedure prevented the trial court from correcting the error in *Ortega*, such is

not the case here. Appellant could have made his due-process objections at the June 28,

2012 or February 15, 2013 hearings or in a motion for new trial, none of which were

done in this case. Furthermore, it is particularly noteworthy that appellant pleaded

"true" to the same allegations that he complains about in this appeal. Moreover, the

record reflects that the trial court allowed appellant to withdraw his waiver of appeal

---

[2] Former article 42.12, section 21(b) of the Texas Code of Criminal Procedure provided that:

> In a felony case, the state may amend the motion to revoke community supervision any time up to seven days before the date of the revocation hearing after which the motion may not be amended except for good cause shown, and in no event may the state amend the motion after commencement of taking evidence at the hearing.

Act of June 15, 2001, 77th Leg., R.S., ch. 969, §§ 8-9, 2001 Tex. Gen. Laws 2129-30 (amended 2013) (current version at TEX. CODE CRIM. PROC. ANN. art. 42.12, § 21(b) (West Supp. 2013). The current version of article 42.12, section 21(b) no longer includes these provisions.

but not his plea of "true" to the allegations contained in the State's motion to revoke. *See Harris*, 160 S.W.3d at 626 ("A defendant cannot challenge a revocation finding on an allegation to which he pleaded "true.") (citing *Cole v. State*, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979); *Atchison v. State*, 124 S.W.3d 755, 758 n.4 (Tex. App.—Austin 2003, pet. ref'd); *Moore v. State*, 11 S.W.3d 495, 498 n.1 (Tex. App.—Houston [14th Dist.] 2000, no pet.) ("And once a plea of true has been entered, a defendant may not challenge the sufficiency of the evidence to support the subsequent revocation.")).  In other words, unlike *Ortega*, appellant had ample opportunity to make his due-process complaints and allow the trial court the first opportunity to resolve such complaints; however, appellant chose not to do so.  We therefore do not find the *Ortega* case to be persuasive in this matter.

Based on the foregoing, we conclude that appellant waived his complaints in this issue by not objecting in the trial court or timely filing a motion for new trial.  *See Hardeman*, 1 S.W.3d at 690; *Issa*, 826 S.W.2d at 161; *Harris*, 160 S.W.3d at 626; *Liggett*, 998 S.W.2d at 736; *Baxter*, 936 S.W.2d at 471-72.  Accordingly, we overrule appellant's first issue.

### III.   REVOCATION BASED ON FINANCIAL DELINQUENCIES

In his final four issues, which we categorize as his second issue, appellant contends that the trial court abused its discretion by revoking his community supervision based on financial delinquencies.  However, as noted above, we have upheld the trial court's revocation of appellant's community supervision based on the first four allegations of the State's motion to revoke.  Moreover, because appellant

pleaded "true" to the first four allegations contained in the State's motion to revoke, and because one sufficient ground for revocation supports the trial court's order revoking community supervision, we need not address appellant's remaining complaints. *See* TEX. R. APP. P. 47.1.; *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2011); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *see also Mena v. State*, No. 14-12-00652-CR, 2013 Tex. App. LEXIS 7634, at *3 (Tex. App.—Houston [14th Dist.] June 25, 2013, no pet.) (mem. op., not designated for publication) ("When a trial court finds several violations of probationary conditions, we affirm the order revoking probation if the proof of any single allegation is sufficient."). As such, we overrule appellant's second issue.

## IV. CONCLUSION

Having overruled appellant's issues on appeal, we affirm the judgment of the trial court.

AL SCOGGINS
Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Scoggins
Affirmed
Opinion delivered and filed February 20, 2014
Do not publish
[CR25]